SUPERIOR COURT OF BUFFALO. February Criminal Term, 1858. *George W. Clinton*, Justice, presiding.

## THE PEOPLE *v.* WILLIAM G. ROWE.

It is no ground, either for quashing an indictment or discharging the prisoner from arrest, that before the finding of the indictment, and after the issuing to the officer, by a police justice, of a warrant for his arrest, by an agreement between the officer and some person in Canada, the prisoner was forcibly brought from Canada to the line of this State, and there delivered to such officer, in arrest, under the warrant.

A WARRANT was issued by the police justice of the city of Buffalo to arrest the prisoner upon a charge of grand larceny, and delivered to a deputy sheriff of Erie county for service. The prisoner being in Canada, the deputy sheriff made an arrangement with some person or police officer in Canada to bring the prisoner to this side. Such person took the prisoner by the arm, at or on the Suspension Bridge, on the Canadian side, and forced him across the bridge into this State, the deputy sheriff accompanying him, and, at this end of the bridge, the deputy arrested the prisoner under the warrant, and took him before the police justice, who, on proof of these facts, refused to discharge him, and, after examination, committed him to answer the charge. He was indicted for the larceny at this term of the court, and, upon affidavits showing these facts, moved that the indictment be quashed, or he discharged from arrest.

*A. Sawin*, for the prisoner.

*J. M. Humphrey* (District Attorney), for the People.

CLINTON, J. The objection to the arrest has no application to the indictment. For aught that appears in the papers, that could and would have been found whether the defendant was within the jurisdiction or not. There is no reason shown for quashing the indictment.

As to the arrest, it was undoubtedly the fruit of an agreement for a violation of the prisoner's right of personal liberty on Canadian soil. For that he has, we presume, a remedy in the Canadian courts, and, perhaps, in our own. Whether the dignity of Great Britain has been insulted by the act of its subject in hurrying the prisoner across the Suspension Bridge from a part of her Majesty's dominions, we are not called upon to inquire. The question is an international one, and cannot arise unless her Majesty's government shall see fit to lay the matter before our government. If the Canadian law has been violated, one of the offenders, and perhaps the only offender, against that law, is within its reach. No offence against the laws of this State, nor of the United States, was, so far as we can discover, perpetrated by the arrest.

We see no analogy between this case and cases of arrest in civil actions procured by the trick or fraud of the plaintiff. Where the defendant is so induced by the plaintiff to come within the jurisdiction, the court may discharge him without bail. Here is no wrong chargeable to the People. On the other hand, the indictment is, on such a motion as this, conclusive evidence of the prisoner's guilt, and the court would be guilty of a gross injury to the People if it should discharge him untried.

The motion is denied.