(21 App. Div. 97.)

## CONSTABLE v. KENNEDY et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. BASTARDY—UNDERTAKING ON APPEAL—FORFEITURE—STATUTES—CONSTRUCTION.

   Code Cr. Proc. § 851, provides that, upon the making of an order of affiliation, defendant shall give an undertaking (subdivision 1) to pay the sum ordered to be paid for support of the child, expenses of the mother's confinement, etc., or (subdivision 2) that he will appear at the next term of the court of sessions "to answer the charge and obey its order thereon." Section 867 provides for an undertaking to be given, on affirmance of an order of affiliation, which is substantially the same as that prescribed by section 851, subd. 1. By section 868, if defendant fails to give the undertaking he is to be committed. And section 869 declares that the undertaking on appeal is forfeited by neglect to appear, or to give the undertaking mentioned in the two preceding sections. *Held*, that the undertaking on appeal is not satisfied by appearance merely, but is forfeited if defendant fails to give the undertaking required on affirmance.

2. SAME—WHO MAY ENFORCE UNDERTAKING—CONSTRUCTION OF STATUTE.

   Code Cr. Proc. § 881, provides that, if an undertaking for the appearance at the court of sessions of one charged as the father of a bastard be forfeited, the court may order it to be prosecuted, and that, except in the city of New York, it must be enforced by the district attorney. Section 882 provides that, when an undertaking to obey an order in relation to support of a bastard or of its mother is forfeited, it may be prosecuted by the overseers of the poor, etc. *Held*, that if the court makes an order for prosecution of the undertaking given under section 851, subd. 2, the district attorney must prosecute; otherwise the overseers may prosecute.

Appeal from trial term.

Action by William P. Constable, commissioner of charities of the city of Yonkers, against William Kennedy and Michael J. Cantwell, to enforce an undertaking given by defendants as sureties in a bastardy proceeding. From a judgment entered on a verdict for plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John C. Harrigan, for appellants.
James M. Hunt, for respondent.

HATCH, J. The city court of the city of Yonkers, in a proceeding before it instituted by the commissioners of charities of said city, duly made an order of affiliation against John J. Kennedy. From said order the said Kennedy took an appeal to the county court of Westchester county, and, to perfect the same, entered into an undertaking with the defendants as sureties therein. This undertaking was given under and in pursuance of subdivision 2 of section 851 of the Code of Criminal Procedure. Its terms, so far as material to the present action, required the said John J. Kennedy to appear at the next term of the county court of Westchester county, and answer the charge, and obey its order thereon. The said Kennedy duly appeared at the next term of said court, and, upon a hearing being had, the order of affiliation was affirmed; and the defendant Kennedy was required to enter into an undertaking, with sufficient sureties, providing that he would indemnify the city of Yonkers, in a sum

therein named, for the expense and support of the child.   This undertaking the defendant Kennedy neglected to give, and he was thereupon committed to the common jail until he paid the costs and sums adjudged against him, and gave the required bond, or was otherwise discharged by due process of law.   Subsequently the plaintiff instituted this action to recover the sum conditioned to be paid by the undertaking given upon the appeal, claiming a breach thereof by reason of the failure of the said Kennedy to obey the order of the county court and give the undertaking required thereby.

The learned counsel for the appellant raises two questions upon this appeal:   First. That the only object of the undertaking was to secure the appearance of the defendant before the court upon the appeal, and, in the event of the affirmance of the order of affiliation, that he would submit his body to the custody of the authorities, or give the undertaking; that he did the former, and thereby satisfied the requirements of the undertaking.   Second. That, immediately upon perfecting the appeal, it became a proceeding pending in the county court; and, upon a forfeiture of the undertaking, it could only be prosecuted by virtue of an order of the court, by the district attorney of the county, and in the name of the people.

While it is true that section 851 of the Code of Criminal Procedure provides for two distinct, different, and independent undertakings, it by no means follows that the defendant's contention is to be upheld respecting the obligation created by the undertaking provided for in the second subdivision of the section.   The distinction between the two undertakings is quite plain.   The one required by the first subdivision of section 851 provides for the payment of the sum ordered to be paid for the support of the child, and the expenses of confinement and recovery of the mother, etc.   Upon appeal, where such an undertaking is given, the only question which is brought up for review is that part of the order fixing the weekly or other allowance required to be paid.   If a review of the whole matter is desired, then the undertaking must be given as provided in the second subdivision. The reason for this seems to be that where the order of affiliation is complied with, by the giving of the undertaking to support, it is, in effect, an admission that the party charged is in fact the putative father, and is concluded from complaining of any other matter than the amount he is ordered to pay, while under the other subdivision the party stands upon his denial as to the whole matter, and becomes entitled to a review of the question.   But the terms of the undertaking upon such appeal, and also the provisions of the statute, require the person against whom the order of affiliation has passed not only to appear before the court, but to obey its order thereon.   The policy of the law evidently is to permit a review of the proceeding only upon condition that the party shall comply with the order that is finally made, as well as to appear and submit his person to custody.   By section 867 of the Code of Criminal Procedure is provided the undertaking required upon the affirmance of the order of affiliation, which is in all substantial respects the same as is required upon the order of affiliation under section 851.   By section 868, if defendant fails to give the undertaking he is to be committed to jail.   The

next section (869) defines what constitutes a forfeiture of the under-taking upon appeal, in this language: "The undertaking  *  *  * is forfeited, by his neglect to appear, or to give the undertaking mentioned in the last two sections, unless he be discharged by the court." We think it entirely clear that the undertaking becomes forfeited upon failure to obey the order and give the undertaking, and is not satisfied by appearance only.

This action is properly brought by the plaintiff. The charter of the city of Yonkers confers upon the plaintiff the same powers respecting bastardy proceedings as are possessed by the overseers of the poor in the towns of the state. Laws 1895, c. 635, tit. 10, § 1. By section 882 of the Code of Criminal Procedure, authority is conferred upon the overseers of the poor of towns to prosecute an action upon an undertaking requiring a party to obey an order in relation to the support of a bastard, etc. There can be no doubt but that the undertaking executed in this case and the order made by the county court answer the requirements of this section. The defendant answers this by claiming that section 881 is the only authority for maintaining the action, and must be upon order of the court, prosecuted by the district attorney in the name of the people. It is to be observed that the language of both sections (881 and 882) is not mandatory, but permissive. All the substantial requirements of either section are answered by a prosecution under one. If the court makes the order for prosecution, then the district attorney must prosecute in the name of the people. If no such order is made, then the overseer may prosecute in his own name. This construction gives force to both sections, where otherwise there might be a conflict, and makes provision for the certain enforcement of liability where it exists.

It follows that the judgment should be affirmed, with costs. All concur.