(58 Misc. Rep. 507.)

### PEOPLE v. BRADLEY et al.

(Schuyler County Court. March, 1908.)

1. ARREST—NECESSITY OF WARRANT.

A peace officer can arrest without a warrant only in a case of felony or for a crime committed or attempted in his presence under Code Cr. Proc. § 177.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, §§ 145–156.]

2. CRIMINAL LAW—EVIDENCE—HARMLESS ERROR.

Where complaint was made and a warrant properly issued, and accused were tried without a jury and convicted, the conviction will be affirmed though improper evidence was admitted, where there was sufficient competent evidence to sustain the conviction.

111 N.Y.S.—40

3. ARREST—JURISDICTION—ILLEGAL ARREST.
    Where police officers arrested accused for a misdemeanor not committed in their presence without a warrant, and the next day a warrant was issued by the police justice, it was not a continuation of the illegal arrest, but was a separate and distinct arrest, giving the police justice jurisdiction.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, §§ 143, 161, 178; vol. 14, Criminal Law, § 195.]

Appeal from Police Court.

Catharine Bradley and Bert Carpenter were convicted of a violation of Pen. Code, § 289, in the police court, and appeal. Affirmed.

Bertrand W. Nye, for appellants.
George M. Velie, Dist. Atty., for the People.

NYE, J. It appears from the return of the police court that the appellants were arrested on Sunday night, February 16, 1908, at the residence of the appellant Bradley, in the village of Watkins, without a warrant, and that they were taken to the county jail and were there confined, until the following morning, when an information was laid before the police justice and the warrant upon which the defendants and appellants were arrested and tried was issued.

The power of a police officer or peace officer to arrest for a crime is defined in sections 167 and 182 of the Code of Criminal Procedure. This was substantially a re-enactment of the rules of common law. Except in a case of a felony, a peace officer can arrest, without a warrant, only for a crime committed or attempted in his presence. Code Cr. Proc. § 177. "As a general principle, no person can be arrested or taken into custody without a warrant." Burns v. Erben, 40 N. Y. 463. Section 177 of the Code of Criminal Procedure provides that:

"A peace officer may, without a warrant, arrest a person, (1) For a crime, committed or attempted in his presence. (2) When the person arrested has committed a felony, although not in his presence. (3) When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it."

Section 170 of the Code of Criminal Procedure enacts that:

"If the crime charged be a felony, an arrest may be made on any day, and at any time of the day or during any night. If it be a misdemeanor, the arrest cannot be made on Sunday, or at night, unless by direction of the magistrate indorsed upon the warrant."

The plain intendment of the statute is that for a commission or attempted commission of a felony, and where the officer has reasonable cause for believing the person guilty of a felony, he may arrest without a warrant at any time; but, where the offense committed is of the grade of misdemeanor, the officer may only arrest the offender where it is committed or attempted in his presence; but, where not so committed, he must apply for a warrant, which cannot be executed at night or on Sunday without the direction of the magistrate indorsed on the warrant. Unless the magistrate becomes satisfied that the offender intends to make an effort to escape or secrete himself, or that some other good cause exists, it is the evident purpose of the law that he should not direct the arrest for misdemeanor at night or on Sunday. When

we consider that all petit offenses are included in the class of misdemeanor, and that the defendant is entitled to bail upon such charge as a matter of right and not by the favor of courts, we see the wisdom of the enactment which preserves to the citizen whose presence can be at all times secured the right to be called to answer only during the hours when magistrates are required to be in attendance to either dispose of their case or accept the bail which the statute gives the defendant the right to offer. The police officers were not justified in making the arrest on Sunday night without a warrant, based upon the reputation of the house and not founded upon evidence sufficient to secure a conviction, unless they, or some one of them, had witnessed a violation of law. Possessing the evidence and not witnessing the offense, they should have applied for a warrant. We think, however, that the point as to the appellants' arrest on Sunday night does not affect the validity of their trial and conviction. The complaint was made on Monday morning and the warrant was properly issued and the court had jurisdiction of the offense charged. It was, therefore, authorized to try and determine the complaint against the appellants whenever they might be brought before the court. The general rule is that it is no defense to a criminal action or prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. People v. Eberspacher, 79 Hun, 410, 29 N. Y. Supp. 796.

In Crocker on Sheriffs, p. 35, it is said:

"In general where one is liable to be detained on a criminal charge, a court will not inquire into the manner of his capture, but hold him to answer thereto, and leave the accused to his remedy against those who have acted under a void process, or exceeded their authority."

The arrest upon the warrant issued by the police justice was not, it seems to us, a continuation of the original arrest made by the police officers on Sunday night, but was a separate and distinct arrest upon a charge of which the court acquired and had jurisdiction to try. It has been held in several cases that a prisoner charged with crime is not entitled to be discharged on the ground that he was improperly apprehended in a foreign jurisdiction and brought into the jurisdiction where the crime was committed and where the application for his discharge was made. Balbo v. People, 80 N. Y. 484; People v. Row, 4 Parker, Cr. R. (N. Y.) 253. We have not overlooked the cases of People v. Howard, 13 Misc. Rep. 763, 35 N. Y. Supp. 233, and Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899, cited by appellants' counsel. In People v. Howard the defendant was wrongfully arrested by a police officer, without a warrant, for an alleged misdemeanor, not committed in his presence, and was taken before the magistrate; and the court held that the magistrate acquired no jurisdiction. But in that case no warrant was issued. And the court, referring to People v. Eberspacher, 79 Hun, 410, 29 N. Y. Supp. 796, says:

"But the court drew a distinction between a proceeding to detain for trial, and a trial before a court, which had acquired jurisdiction of the charge. In this case the committing magistrate did not have power to try, and the objection to the jurisdiction of the person was taken upon the preliminary examination."

In Snead v. Bonnoil, which was an action for false imprisonment, the court says:

"It would not do to hold that the illegality of a person's arrest upon an unfounded charge could be cured by the subsequent charge and conviction for another offense."

The principle is similar to the statement made in Mandeville v. Guernsey, 51 Barb. 99:

"That the law will not permit a wrong to be perpetrated for the purpose of executing a process, or the issuing of process for the purpose of continuing an imprisonment commenced without authority."

In this case the arrest upon the warrant issued by the police justice was legal. The police justice acquired jurisdiction under the warrant, which was legally issued upon sufficient information; and, although the evidence did disclose that, prior to the arrest upon the warrant, the appellants had been arrested without a warrant, the police court was not required to inquire into the manner or legality of that arrest. Upon the trial, Thomas McKenna, the chief of police, testified, over the objection of the appellant Carptenter, that:

"He [McKenna] had been at this house [referring to the house where the appellants were arrested] twice within the last six months, along about October, 1907; that he saw the defendant Catharine Bradley there, but that he did not see the defendant Carpenter there at that time; that he found the defendant Catharine Bradley and her two sisters—the O'Brien girls—there in the house with two men in the house with them, and that he took them into custody."

The receipt of this testimony against the defendant Carptenter, who was not shown to have been present, was error; but it was clearly admissible as against the appellant Bradley.

The offense in this case may not consist of one act. From its nature it is made up of a continuity of acts, neither of which may be enough by itself, but each of which comes in with all the rest to do the harm and make the offense. It does appear from the evidence that the officer had seen the appellant Carpenter at this house on one or more occasions prior to February 16, 1908, and that he was then in a state of intoxication; that on Sunday night, February 16, 1908, between the hours of 9 and 10 o'clock, the appellant Carpenter was found by the officers, with coat, vest, and shoes removed, dressed only in his trousers and shirt, lying, manifestly intoxicated, with the two female children of the appellant Bradley, who were under the age of 16 years, on the bed occupied by these children; that as the officers entered the room the appellant Bradley, who had apparently arisen from the same bed upon hearing the approach of the officers, escaped through a window to a roof of the house, where she was later taken into custody by the officers. The appellants were tried before the police justice, without a jury; and, while incompetent evidence was received, yet a careful review of the return shows there was sufficient competent evidence to warrant the conviction of the appellants of the crime charged; and we believe that no errors were committed which have prejudiced the substantial rights of the appellants.

The judgment of the Police Court is affirmed.

Judgment affirmed.