HUTTON, Overseer of Poor of Town of Macomb, v. BRETSCH et al.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. BASTARDS (§ 92*)—PROCEEDINGS—APPEAL AND NOTICE OF APPEAL.

　　Code Cr. Proc. § 844, subd. 2, provides that, where the defendant is arrested in another county, the magistrate may take an undertaking to appear and answer the charge at the next County Court of the county where the warrant was issued, and obey its order thereon. Section 851, subd. 2, provides that, where an order of filiation is made, defendant must give an undertaking to pay the sums ordered to be paid and to indemnify the county, or that he will appear at the next term of the County Court to answer the charge and obey the order thereon, or that the sureties will pay a sum equal to a full indemnity for support as provided by section 844. Section 862 provides that defendant's undertaking for his appearance at the next term of the County Court is an appeal from the order of filiation, and that no other notice thereof was necessary. *Held*, that the giving of an undertaking under section 844, subd. 2, was merely giving in advance the undertaking which defendant, under section 851, would be required to give upon order of filiation, and that section 862 applied, so that the undertaking was an appeal from the order and a notice of such appeal.

　　[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 228-239; Dec. Dig. § 92.*]

2. BASTARDS (§ 86*)—BOND FOR SUPPORT—ACTION.

　　Defendant in filiation proceedings, after an arrest in another county, had all the benefits of an appeal by giving an undertaking under section

844, subd. 2, to appear at the next County Court and obey its order thereon, though no actual notice of appeal was given, and a justice's filiation order was affirmed by the County Court, which adjudged that he give an undertaking as provided in the order of filiation. *Held*, in view of sections 867, 868, providing imprisonment in default of an undertaking on affirmance, and section 869, forfeiting the undertaking for appearance on appeal by neglect to appear or to give the undertaking prescribed by sections 867, 868, that the sureties on the undertaking given were called upon to discharge it.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 217, 218; Dec. Dig. § 86.*]

3. BASTARDS (§ 89*)—BOND FOR SUPPORT—WHO MAY ENFORCE—OVERSEER OF TOWN.

An action on an undertaking with sureties, given in a filiation proceeding, conditioned that defendant would appear before the County Court and abide by its order, may be brought by the overseer of the town otherwise chargeable with support.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 222–227; Dec. Dig. § 89.*]

Howard, J., dissenting.

Appeal from Trial Term, St. Lawrence County.

Action by Clarence J. Hutton, as Overseer of the Poor of the Town of Macomb, against George W. Bretsch and others. From a judgment of the County Court for plaintiff, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William D. Morrow, of Theresa (John Conboy, of Watertown, of counsel), for appellants.

Abbott & Dolan, of Gouverneur (James C. Dolan, of Gouverneur, of counsel), for respondent.

WOODWARD, J. [1, 2] This action was brought against the defendants as sureties upon an undertaking in bastardy proceedings. One Maggie Diefendorf, of the town of Macomb, St. Lawrence county, gave birth to a bastard child on the 18th day of August, 1910. Upon her information a warrant was issued by Alvin W. Fetterley, a justice of the peace of that town, for the arrest of Ross Pierce, of Theresa, N. Y., and charging him with being the father of said child. The warrant contained a direction to the justice of the peace in Jefferson county, who was to indorse the warrant, to admit Ross Pierce to bail upon giving an undertaking in the penal sum of $250. The warrant was duly indorsed by James W. Wakefield, a justice of the peace of the town of Theresa, and Pierce was subsequently arrested and brought before the magistrate, where the defendants herein entered into an undertaking, under the provisions of subdivision 2 of section 844 of the Code of Criminal Procedure, that the defendant would appear and answer the charge at the next County Court of the county where the warrant was issued, and obey its order thereon. Upon the giving of this undertaking Pierce was discharged from custody, and the undertaking and warrant were returned to the justice who issued the warrant.

Acting under the provisions of section 854 of the Code of Criminal Procedure, Justice Fetterley associated another justice of the peace with himself and proceeded to determine the questions involved in a proceeding of this character. They found that Pierce was the father of the child, that Maggie Diefendorf was indigent, and that the child was chargeable to the town of Macomb. By the order, which complied with all of the requirements of section 850 of the Code of Criminal Procedure, Pierce was required to pay to the overseer the weekly sum of $3.50, the sum of $25 for confinement expenses, and $22.60 costs of the proceedings. The justices filed the original undertaking and the order of filiation with the clerk of St. Lawrence county on the 25th day of August, 1910. The next term of the County Court of that county was held on the 24th day of October, 1910. Pierce had never taken an appeal from the order of filiation, but upon the convening of court appeared by his attorney, and the proceeding was adjourned to the 3d day of November, at the law offices of Abbott & Dolan, Gouverneur. Pierce appeared with his attorney at the adjourned hearing, and the case was taken into consideration by the County Court, resulting in an order affirming the order of filiation, except that the order limited the payment of $3.50 per week to the 22d day of August, 1911, where no limit had been previously fixed, and provided that the defendant enter into an undertaking as provided in the order of filiation for the payment of that sum and the costs of the proceeding. Pierce has never paid anything on account of this proceeding, the time limited by the final order of the County Court has expired, and the plaintiff, as overseer of the town, has recovered a judgment for the amounts provided in the order of filiation, as modified by the order of the County Court. The defendants appeal from the judgment.

The defendants urge that the County Court never had jurisdiction of the bastardy proceedings; that the final order of the County Court affirming the proceedings, and limiting the payments to one year, and directing the giving of an undertaking as provided in the order of filiation, was without force; and that Pierce, by appearing at the County Court, discharged his sureties in the original undertaking. We are of the opinion that the proposition is untenable. It is true, of course, that the order of filiation did not contain any direction for the giving of an undertaking, and to this extent the order of the County Court was mere surplusage. The statute makes no provision for directing an undertaking in the order of filiation. The statute provides what the order shall contain, and the order found in the record complies with the statute. Section 851 of the Code of Criminal Procedure then provides that, if the defendant be adjudged to be the father, he must pay certain costs, and enter into an undertaking with sufficient sureties, approved by the magistrates, to the effect that he will pay the weekly sum fixed by the order and indemnify the town and county, and the public generally against expenses growing out of the bastardy, or—

"that he will appear at the next term of the County Court of the county, to answer the charge and obey its order thereon, or that the sureties will pay a

sum equal to a full indemnity for supporting the bastard and its mother, as provided in the first subdivision of section 844."

In default of such an undertaking, he is to be committed to the county jail until discharged by the County Court. Section 852, Code Criminal Procedure.

But the procedure prescribed in section 851 is that which prevails where the defendant is taken before the magistrate issuing the warrant, or one within that county, and where he has not given the bond required by section 844 of the Code of Criminal Procedure. See sections 844–851, both inclusive. The undertaking provided by section 844 of the Code of Criminal Procedure in its second subdivision serves exactly the same purpose as that provided in subdivision 2 of section 851. In the one instance, if the defendant is arrested outside the county where the bastard is born, he is permitted to have his choice between giving an undertaking to "appear and answer the charge at the next County Court of the county where the warrant was issued, and obey its order thereon," or to be taken before the magistrate who issued the warrant and submit to an immediate hearing (sections 844, 846, 848), while in the other, after having been adjudged to be the father, if he desires a review of the whole question, he must given an undertaking to appear at the next term of the County Court of the county to answer the charge and obey its order thereon. Section 851. Both of these provisions have the same purpose, to liberate the defendant during the interval between the original proceedings and the next sitting of the County Court, and to insure the presence of the defendant within the jurisdiction of that court, where he has failed to give the undertaking provided in the first subdivisions of sections 844 and 851. If the defendant is arrested outside of the county and gives the undertaking provided in section 844, the magistrates within the county are authorized to conduct the examination and to make the order of filiation in the absence of the defendant, unless he demands to be present, and the original undertaking extends over this proceeding of the magistrates and reaches to the next session of the County Court in exactly the same manner as the undertaking provided upon the adjudication under section 851.

It seems to us clear, therefore, that the giving of the undertaking at the time of the arrest to appear before the County Court, as provided by section 844, is merely giving in advance the undertaking which the defendant would be required to give upon an adjudication that he was the father of the bastard, and that the provisions of section 862 of the Code of Criminal Procedure that when "the father or mother of the bastard has entered into an undertaking for appearance at the next term of the County Court of the county, as provided in sections 851 and 858, it is an appeal from the order of filiation or maintenance, and no other notice thereof is necessary," should be understood to apply to the exact equivalent of this undertaking provided for in section 844, and that the giving of the undertaking, at the time of the arrest, to appear at the next term of the County Court and to abide by its order, is a notice of appeal from the adjudication which may be made in the absence of the defendant. The de-

fendant did appear at the next term of the County Court. He submitted the adjudication to the determination of the County Court, and that court affirmed the adjudication, merely limiting the order for a weekly allowance to a period of one year, instead of leaving it indefinite, and the mere clerical defect, in directing the giving of the undertaking, is of no consequence here.

Sections 867 and 868 of the Code of Criminal Procedure require that upon the affirmance of the adjudication of the magistrates the defendant shall enter into an undertaking to perform the conditions imposed by the order, and in default of this the defendant is to be sent to jail until he does so or is discharged by the court. Section 869 provides that:

"The undertaking for the appearance of the defendant, at the County Court, upon an appeal, is forfeited by his neglect to appear, or to give the undertaking mentioned in the last two sections, unless he be discharged by the court."

The defendant having had all the advantages of an appeal, and having failed to give the undertaking required by section 867 of the Code of Criminal Procedure, we are of the opinion that his undertaking was forfeited, and that the defendants in the present action are called upon to discharge the obligation of the bond; that they cannot be heard to defeat this obligation because the defendant in the bastardy proceeding did not give notice of an appeal, the benefits of which he has had without complaint upon the part of any one. The defendant in the bastardy proceeding had a right of appeal, and the County Court had jurisdiction of such appeal. Section 861, Code of Criminal Procedure. The defendant did appeal to the next term of the County Court, to which his appeal was limited, and the court did not fail of jurisdiction merely because the defendant failed to give the notice of 10 days, assuming that the giving of the undertaking did not amount to such notice. The language of the statute giving the appeal is clear and unmistakable, while the language of section 862 of the Code of Criminal Procedure merely says that, "in any other case, the appeal·is taken, by a written notice of at least ten days," etc., which by no means goes to the jurisdiction of the court, where all of the parties appear and proceed without objection.

[3] The further contentions of the defendants, that the plaintiff has no authority to bring the action, and that it could only be brought upon an order of the court, are without force here. These questions were disposed of in Constable v. Kennedy, 21 App. Div. 97, 100, 47 N. Y. Supp. 452.

The judgment appealed from should be affirmed, with costs. All concur, except HOWARD, J., who dissents.