PEOPLE ex rel. LAWTON v. SNELL, Sheriff. (No. 48/7.)

(Supreme Court, Appellate Division, Third Department. May 7, 1915.)

1. BASTARDS ⟺35—PROCEEDINGS—JURISDICTION—PRELIMINARY PROCEEDING.
   Code Cr. Proc. § 844, provides that when a warrant is issued in bastardy proceedings, and defendant is arrested in a county other than that in which the warrant was issued, he should be taken before the magistrate of the county where he was arrested, so that he may give bond for his appearance at the next county court of the county where the warrant was issued. Code Cr. Proc. § 854, provides that when security, taken out of the county for the appearance of defendant at the county court, is returned to the magistrate who issued the warrant, he may proceed to a hearing as though defendant had been arrested in the county where the warrant was issued. Defendant was arrested under a warrant in bastardy proceedings and taken directly to the county where the warrant was sworn out, and tried before a police justice of that county, who had issued the warrant. *Held*, that this violation of section 844 did not oust the police justice of jurisdiction; subdivision 2 thereof not giving the defendant the right to an original trial in the county court, even though bond be furnished.
   [Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 80–90; Dec. Dig. ⟺35.]

2. BASTARDS ⟺35—PROCEEDINGS—JURISDICTION—PRELIMINARY PROCEEDINGS.
   Code Cr. Proc. § 844, relating to trial in bastardy proceedings, does not require that a defendant, upon being arrested in a county other than the one in which the warrant was issued, be taken before the magistrate of the county in which he was arrested in order to allow the justice who issued the warrant to proceed with the hearing.
   [Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 80–90; Dec. Dig. ⟺35.]

Appeal from Rensselaer County Court.

Habeas corpus by Leon Lawton against Henry W. Snell, Sheriff, to obtain release from confinement under a commitment of the Police Justice of the City of Troy, in bastardy proceedings. The writ was dismissed, and relator remanded, and he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Wallace H. Sidney, of Central Bridge, for appellant.
John P. Taylor, Dist. Atty., of Troy (Charles I. Webster, of Troy, of counsel), for respondent.

HOWARD, J. [1] On the application of the overseer of the poor of the city of Troy, the police justice of that city issued a warrant for the arrest of Leon Lawton, who was charged with being the father of a bastard child likely to be born, and of which Agnes Muckle was pregnant. Lawton was a resident of Schoharie county, and was arrested

in that county. When a warrant is issued in bastardy proceedings, and the defendant is arrested in a county other than the one in which the warrant is issued, section 844 of the Code of Criminal Procedure commands that he be taken before a magistrate of the county in which he is arrested, so that he may, if he wishes to do so, give the bond provided for by that section, and in that manner bring about his immediate release. Although the defendant requested the officer who arrested him to take him before a magistrate of Schoharie county, the officer refused to do so, but took him immediately to Rensselaer county, without affording the defendant an opportunity to give bail. After the defendant was returned to Rensselaer county and was arraigned before the police justice, the magistrate heard the evidence in the proceeding and made an order of filiation and committed the defendant to the Troy jail; he having failed to give the undertaking required by section 851. Objection in due season was made and several times repeated to the jurisdiction of the police justice on the grounds that the defendant was not accorded his rights, under section 844 of the Code of Criminal Procedure. After the commitment of the defendant to the Rensselaer county jail, he sued out a writ of habeas corpus before the Rensselaer county judge to test the validity of his commitment. In that proceeding the only question litigated was the jurisdiction of the police justice. The county judge concluded that the police justice had jurisdiction to take the evidence and make the commitment, and he therefore made an order dismissing the writ and remanding the defendant to the Troy jail. An appeal from that order brings the question of the jurisdiction of the police justice to our attention.

By virtue of the provisions of the Code of Criminal Procedure relating to bastardy proceedings, and by sections 184 and 185 of the Second-Class Cities Law (Consol. Laws, c. 53), the police justice of the city of Troy was vested with exclusive jurisdiction in this case. No other court, under any circumstances, could have conducted the examination. Under section 844 of the Code, two rights were accorded to the defendant: First, the right to plead guilty, so to speak, and give a bond for the support of the bastard; second, the right to give a bond for his appearance "at the next County Court of the county where the warrant was issued, and obey its order thereon." By giving an undertaking to observe either of these conditions, the defendant was entitled to his immediate discharge from custody. The defendant was deprived, by the officer who arrested him, of the rights accorded to him under section 844, and was unlawfully detained in custody and taken to Troy under arrest and cast into jail. But did that circumstance rob the police justice of jurisdiction? That is the question before us.

In the defendant's brief his counsel contends that the defendant had a right to "give a bond to have his case tried in County Court." Had he been permitted to give this bond, the police justice would have been ousted of jurisdiction, so the defendant contends.

The provision in section 844, permitting a defendant, arrested in a county other than the one in which the warrant was issued, to give a bond to appear "at the next County Court of the county where the warrant was issued and obey its order thereon," appears at first glance

to indicate that a defendant may give a bond which will entitle him to a trial in the first instance in the County Court. This first impression is, however, dispelled by a subsequent explanatory provision in section 854, which reads as follows:

"When security taken out of the county, for the appearance of the defendant at the county court as provided in section eight hundred and forty-four, is returned to the magistrate who issued the warrant, he must associate with himself another magistrate of the same county and the magistrates thus associated must proceed as provided in sections eight hundred and forty-eight to eight hundred and fifty, both inclusive."

That is to say, the magistrate who issued the warrant, the police justice in this case—not the County Court—must exercise jurisdiction and must proceed with the trial as though the defendant had been arrested in the county where the warrant was issued and arraigned before that magistrate in the first instance. In fact, there is no provision of the Code of Criminal Procedure which clothes the County Court with the original jurisdiction to hear bastardy proceedings. After giving the undertaking provided for in section 844, the defendant is relieved, by section 855, of the necessity of appearing personally at the examination. If the examination results in a determination that he is not the father of the bastard, he and his sureties are thereby relieved of all liability on the undertaking; but, if he is adjudged to be the father of the bastard, his undertaking operates as a notice of appeal to the County Court. This is not specifically provided by the Code of Criminal Procedure, but has been so held by this court. Hutton v. Bretsch, 157 App. Div. 68, 141 N. Y. Supp. 751. Therefore, had the defendant been permitted to give an undertaking under subdivision 2 of section 844, it would have been an undertaking on appeal from an order of filiation, and not an undertaking which would have entitled him to an original trial in the County Court. Hence it would not have operated to oust the police justice of jurisdiction. These apparently inconsistent sections of the Code of Criminal Procedure (844 and 854) must be construed, if possible, so as to give meaning and effect to each. To hold that subdivision 2 of section 844 entitles the defendant, upon giving a bond, to an original trial in the County Court is to render section 854 meaningless and void.

[2] But the defendant further contends that, in a case where the defendant is arrested out of the county, the magistrate is authorized to proceed with the hearing only in case the defendant be taken before a magistrate of the county in which he is arrested, as provided by section 844. If a defendant, being arrested in a county other than the one in which the warrant is issued, be taken before a magistrate of the county where he is arrested, and he there gives the undertaking provided by subdivision 2 of section 844, the justice who issued the warrant may, in that event, proceed with the hearing. Section 854. And being taken before a magistrate of the county where he is arrested, if he fails to give the undertaking provided by subdivision 2 of section 844, the justice who issued the warrant may also, in that event, proceed with the hearing. Sections 846, 848. But, unless these requirements of section 844 be observed, the justice, under the literal

terms of the statute, is not authorized to proceed. But the literal language of statutes is often deficient, and, if followed strictly, would result frequently in absurdities and miscarriages of justice. "A strict and literal interpretation is not always to be adhered to." People ex rel. Wood v. Lacombe, 99 N. Y. 44, 1 N. E. 599. The human mind is fallible, and it cannot foresee every eventuality; hence statutes do not always provide for every possible contingency. Expressions occasionally creep in and omissions sometimes occur in legislative enactments which render them imperfect and incomplete; but it is the duty of the courts, in such cases, to supply such deficiencies. If there were no law but the legislative law, fatal flaws in many statutes would destroy their usefulness. In the instance before us the Legislature has failed to point out the procedure in a case where the defendant is not taken before a magistrate of the county in which he is arrested, as provided by section 844. The Legislature evidently assumed that the officer making the arrest would do his duty, not violate the law. But, this situation having arisen, it is the duty of the court to supply the defect and carry out the great intent of the Legislature; that intent being that the father of a bastard child shall support his illicit offspring. In the case before us the defendant was not taken before a magistrate of the county in which he was arrested, and therefore, so the defendant contends, the police justice was not authorized to proceed and was devoid of jurisdiction, even though the defendant was produced before him. But nowhere does the statute assume to divest the justice of jurisdiction in the event that the defendant be not taken before a magistrate of the county in which he is arrested. The statute has simply omitted to provide for a situation like this. The contention of the defendant, therefore, that the police justice in this instance lost jurisdiction, is unsound. It is true that some of the prerequisites which the statute prescribes for setting the police court in motion had not been complied with; but the courts have, on previous occasions, met similar contingencies, unforeseen by the statute, for it is well settled "that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court." People v. Eberspacher, 79 Hun, 410, 29 N. Y. Supp. 796; Matter of Lagrave, 45 How. Prac. 301; People v. Rowe, 4 Parker Cr. R. 253. Therefore, when the defendant was brought before the police justice, even though he was irregularly brought there, the magistrate was authorized to proceed.

The sections of the Code of Criminal Procedure respecting bastardy proceedings are inharmonious and often inconsistent. Their meaning is frequently doubtful and conflicting and their purpose obscure. The statute is carelessly phrased, and the whole scheme of bastardy procedure is unscientific. It should be revised and rendered simple, certain, and plain.

The officer who arrested the defendant in Schoharie county violated the law and destroyed the rights of the defendant, under section 844. For this invasion of his rights the defendant should have redress. It is not for us, however, in this proceeding to point out the relief which may be obtained or the manner of obtaining. We are only to deter-

mine whether the irregularity complained of robbed the police magistrate of jurisdiction. We conclude that it did not.

The order of the County Court should be affirmed, with costs. All concur; SMITH, P. J., and KELLOGG, J., in result.