The People of the State of New York ex rel. Ruby Hower, Relator, v. Herbert W. Foote, Sheriff, Respondent.

County Court, Tioga County, July 25, 1927.

**Crimes — jurisdiction — alleged illegal arrest in another State does not deprive court of jurisdiction — return to writ of habeas corpus shows arrest in this State — writ dismissed.**

An alleged illegal arrest in a foreign State does not deprive the courts of this State of jurisdiction of a defendant properly indicted here. The writ of habeas corpus granted on the ground that the relator was illegally arrested in Pennsylvania and removed from said State without her consent is dismissed, since the return to the writ shows that the arrest was legally made in this State.

Writ of habeas corpus.

*James F. Sullivan* and *James O. Sebring,* for the relator.

*Ruby Hower,* relator in person.

*George L. Andrews, District Attorney,* and *H. W. Foote, Sheriff,* in person, for the respondent.

Turk, J. The relator, Ruby Hower, in the above-entitled proceeding is brought into court upon a writ of habeas corpus. The relator alleges that she is now imprisoned in the Tioga county jail and that such imprisonment and restraint are illegal in that she is a resident of the State of Pennsylvania and that on the 19th day of July, 1927, the sheriff of Tioga county and other officers arrested her in the State of Pennsylvania without process from a court of competent jurisdiction of the State of Pennsylvania and removed her from said State of Pennsylvania without her consent and against her will. The return to the writ alleges that the relator was indicted by the grand jury of the county of Tioga, and that a bench warrant was duly issued for her arrest; that the sheriff saw the relator in the State of Pennsylvania; that she was informed of her right to be taken before a magistrate in the State of Pennsylvania and held to await extradition, and that she volunteered to accompany the sheriff to the State of New York; and when she arrived in the State of New York that the sheriff served her with a bench warrant and that she is now held and detained pursuant to the terms of said bench warrant. The bench warrant is also returned and is indorsed with the return made by the sheriff in which he states that he arrested Ruby Hower, the relator, in the county of Broome and has her in his custody. On the return of the writ oral testimony was taken in behalf of the relator and in behalf of the sheriff.

The object of the writ of habeas corpus is to determine whether a person is illegally imprisoned or restrained of his or her liberty. Its sole function is to relieve from unlawful imprisonment.

Where an indictment has been found, a warrant properly issued and the court has jurisdiction of the offense charged, the general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. (*People* v. *Eberspacher*, 79 Hun, 410.)

The rule as to immunity from arrest has no application to criminal offenses. (*Matter of Lagrave*, 45 How. Pr. 301.)

In the case of *Balbo* v. *People* (80 N. Y. 484, 499) Judge ANDREWS said: " It has been held in several cases that a prisoner charged with crime is not entitled to be discharged on the ground that he was improperly apprehended in a foreign jurisdiction and brought into the jurisdiction where the crime was committed, and where the application for his discharge was made."

In the case of *People* v. *Roe* (4 Park. Cr. 253) the defendant was actually pushed across the Canadian line and arrested in this State and it was in that case held that the rule as to abuse of process does not preclude criminal proceedings against the person thus brought into the jurisdiction of the court.

In *Lagrave's Case* (14 Abb. Pr. [N. S.] 333) the defendant was illegally brought into this country from France. It was held that " where a prisoner is without the jurisdiction of the court and is by force or fraud brought within it, he can not be arrested and proceeded against in a civil action. * * * But in respect of a criminal offense this rule has no application.

" It is no ground for discharging a prisoner from arrest in a criminal matter, that he has been forcibly brought within the jurisdiction."

In a civil action the improper proceedings of the plaintiff which would amount to abuse of process is a legal wrong which prevents them from retaining the benefits of an arrest, but there can be no wrong of that nature imputable to the People. The process upon which he is held, issued by the district attorney is valid; and the court or officer in a habeas corpus or certiorari cannot inquire into the truth of the crime for which the prisoner stands indicted. (*People* v. *McLeod*, 1 Hill, 377.)

There are many Federal decisions holding that the jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it. One of the leading cases is the case of *Mahon* v. *Justice* (127 U. S. 700). This rule was also enunciated by Judge SEABURY in a dissenting opinion in the case of *People ex rel. Lawton* v. *Snell* (216 N. Y. 527).

I do not attempt to pass upon the question of whether or not the relator was legally or illegally arrested in the State of Pennsylvania, or whether she was in fact arrested in the State of Pennsylvania. It appearing that the prisoner has been legally committed on the bench warrant issued out of this court, executed in the county of Broome, State of New York, for a criminal offense, it follows that the writ should be dismissed and the prisoner remanded to the custody of the sheriff of Tioga county, N. Y.