# COURT OF APPEALS,
## Sept. 28, 1915.

## CLARENCE J. HUTTON, AS OVERSEER, v. GEORGE W. BRETSCH.

(216 N. Y. 23.)

BASTARDY—FAILURE TO OBEY ORDER OF FILIATION DOES NOT CONSTITUTE BREACH OF UNDERTAKING GIVEN TO SECURE ATTENDANCE OF DEFENDANT IN COURT.

An undertaking in a bastardy proceeding instituted under title 5 of the Code of Criminal Procedure provided that if the defendant should appear and answer the charge at the next County Court in the county where the warrant was issued " and obey its order thereon," then the obligation to be void. The defendant so appeared and the trial resulted in an order affirming the order of filiation and ordering " that the defendant enter into an undertaking as provided in said order [of filiation] for the payment of said sum and the cost of said proceedings." The defendant did not make payment under the order of filiation, and this action is brought under sections 882 and 883 of said Code to recover as and for a breach of the undertaking. *Held,* that the purpose of the undertaking was to secure the attendance of the defendant. It was not intended that the affirmance of the order of filiation would make the sureties holden for the defendant's obedience thereto. Hence, there was no breach.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1913, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

See Note, Vol. 23, p. 23.

*John Conboy* and *William D. Morrow, for appellants.*

The order of the County Court does not comply with the statute and is, therefore, a nullity. (Code Crim. Pro. §§ 867, 868.) The County Court never acquired jurisdiction of the bastardy 'proceedings. (Code Crim. Pro. §§ 851, 858, 862; Drummond v. Dolan, 155 App. Div. 449; Kingsbury v. Westfall, 61 N. Y. 360; Guardian Trust Co. v. Peabody, 122 App. Div. 651; 195 N. Y. 544.)

*James C. Dolan,* for respondent.

The County Court acquired jurisdiction of the said Ross Pierce and of the bastardy proceedings. (Code Crim. Pro. § 844; Olcott v. McLean, 73 N. Y. 223; Matter of McLean, 138 N. Y. 158; Cowenhoven v. Ball, 118 N. Y. 231; Dubuc v. Lazell, Dally & Co., 182 N. Y. 482; People ex rel. Jennys v. Brennan, 3 Hun, 666; McLean v. St. Paul & C. Ry. Co., 18 Abb. [N. C.] 425; Pierson v. People, 79 N. Y. 424; Constable v. Kennedy, 21 App. Div. 97.) The complaint states a cause of action and an action was proven. thereunder. (Code Crim. Pro. § 882; Tillotson v. Martin, 40 Hun, 316; Constable v. Kennedy, 21 App. Div. 97; People ex rel. Smith v. McFarline, 50 App. Div. 95.)

COLLIN, J.:

The action is by the overseer of the poor of the town of Macomb, of the county of St. Lawrence, to recover upon an undertaking executed by the defendants unto the People in a bastardy proceeding instituted under title V of the Code of Criminal Procedure. Thus far the defendants have been held liable.

In August, 1910, a justice of the peace of the town of Macomb issued his warrant, pursuant to sections 840, 841 of

said Code, for the apprehension of one Pierce as the father of a bastard child. Pierce was forthwith arrested in the town of Theresa, Jefferson county, where he resided, in accordance with the provisions of section 843, and taken before a magistrate of that town, who took the undertaking involved in this action, pursuant to and in accordance with the provisions of section 844. Thereupon the defendant was duly discharged and the warrant and undertaking were returned to the magistrate granting the warrant. (§ 845.) Section 844 requires that an undertaking under it should be to the effect:

" 1. That he (the defendant) will indemnify the county, and town or city, where the bastard was or is likely to be born, and every other county, town or city, against any expense for the support of the bastard, or of its mother during her confinement and recovery, and to pay the costs of arresting the defendant, and of any order of filiation, that may be made, or that the sureties will pay the sum indorsed on the warrant; or,

" 2. That the defendant will appear and answer the charge at the next county court of the county where the warrant was issued, and obey its order thereon."

The undertaking here was that provided by the last subdivision and the condition of it was: " If the said defendant will appear and answer the charge at the next County Court of St. Lawrence County, where said warrant was issued, and obey its order therein, then the above obligation to be void, otherwise of force." The proceeding was carried on by the magistrate of the town of Macomb, as provided in section 854, and terminated in an order of filiation requiring the defendant to pay stated sums for the support of the bastard and the mother and as costs. The order and the undertaking were duly filed in the office of the clerk of St. Lawrence county. The defendant appeared and answered the charge at the next term of the County Court of St. Lawrence county and the trial thereat terminated in its order affirming, with a modification, the order of filiation

and ordering " that the defendant enter into an undertaking as
provided in said order (of filiation) for the payment of said
sum and the costs of said proceedings." No appeal has been
taken from such order. The defendant has not made any pay-
ment under the order of filiation and this action is brought
under sections 882, 883 to recover as and for a breach of the
undertaking and as the damages the sums directed to be paid
by the order.

There was not a breach of the undertaking. It effected an
appeal to the County Court from any order of filiation made
under the provisions of section 854. This conclusion is inherent
in the prescribed form of the undertaking, and is in accord
with the express enactment that the analogous bond given under
subdivision 2 of section 851 is an appeal from the order. (§
862.) The purpose of the undertaking was to secure the at-
tendance of the defendant from day to day, or his continuance
within the territorial jurisdiction of the County Court during
the hearing of the appeal to it, provided the appeal was taken
up by it within the term next after the execution of the under-
taking to be and as ordered by it. (§§ 867, 868, 869.) Neither
the statute nor the sureties intended that the mere affirm-
ance of the order of filiation would make the undertaking and
the sureties holden for the defendant's obedience to it. In the
present case, the final order of the County Court merely affirmed
the order with a modification and made no requirement, direc-·
tion or provision for the undertaking mentioned in sections
867 and 868. Section 867 is:

" If, upon the hearing of . the appeal, the County Court
affirmed an order of filiation or maintenance, it must require the
defendant to enter into an undertaking, with sufficient sureties,
approved by the court, to the effect that he will pay, weekly or
otherwise, according to the order as made by the magistrates or
modified by the court, the sum directed for the support of the
bastard, and of the mother during her confinement and recovery;

and that he will indemnify the county, and town or city where the bastard was or may be born (as the case may be), and every other county, town or city, which may have been put to expense for the support of the child or of its mother during her confinement and recovery against those expenses, or that the sureties will do so, not exceeding the sum mentioned in the undertaking, and which must be fixed by the court."

The requirement in the order of the County Court that the defendant enter into an undertaking as provided in the order of filiation was wholly ineffective and nugatory, because the order of filiation did not contain and might not lawfully contain (§ 850) a provision for an undertaking of any description, and, moreover, the requirement was without authority or jurisdiction. In the absence of the order or requirement of the County Court in regard to the undertaking directed by section 867, the defendant was not chargeable with neglect in not giving the undertaking contemplated by the section. The proceeding rests upon and is regulated by the statute, the requirements of which must, in their substance, be strictly complied with. The defendants, being sureties, cannot be held liable until all the statutory conditions prescribed as underlying their liability exist. It is entirely plain from the conceded facts and the official records presented that the plaintiff cannot succeed in the action.

The judgments of the Appellate Division and the Trial Term should be reversed, with costs in the Appellate Division and this court, and the complaint dismissed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Judgment accordingly.