# COURT OF APPEALS,

## Jan. 4, 1916.

## THE PEOPLE ex rel. LEON LAWTON v. HENRY W. SNELL, SHERIFF.

### (216 N. Y. 527.)

**(1.) BASTARDY.** *

Under the common law the father of a bastard was not liable for the support of either the mother or the child. In this state the liability of the father exists solely by virtue of the statute (Code Crim. Pro. §§ 838–886), and the proceedings by which the liability shall be determined and fixed are defined and controlled exclusively by such statute which must be in its substance strictly and fully complied with.

**(2.) SAME—JURISDICTION OF POLICE JUSTICES IN CITIES OF SECOND CLASS.**

Under the Code of Criminal Procedure, as applicable to second class cities (Second Class Cities Law [Cons. Laws, ch. 53], § 185), a police justice of a city in that class has jurisdiction to try bastardy proceedings only where the defendant is arrested in the county of the police justice, or where, having been arrested in another county, and having been afforded an opportunity to give the security prescribed by law, he has failed to give it.

**(3.) SAME—WHEN POLICE JUSTICE ACTING WITHOUT STATUTORY JURISDICTION HOLDS DEFENDANT IN BASTARDY PROCEEDING DEFENDANT MUST BE RELEASED ON HABEAS CORPUS.**

A bastardy proceeding was instituted before a police justice in a city of the second class, and a warrant issued for the arrest of defendant, who was arrested in another county, but was not taken before any magistrate of that county. He was taken before the police justice who had issued the warrant, who thereupon entered upon the inquiry in respect to the charge against defendant in the manner provided by the statute (Code Crim. Pro. § 848), although defendant by his

---

* See Note, Vol. 23, p. 23.

counsel objected to the jurisdiction of such police justice. The police justice entered an order of filiation requiring him to give the undertaking required by the statute (Code Crim. Pro. § 851). Defendant did not comply with such order and was arrested under the statute (Code Crim. Pro. § 852) and committed to the county jail of the county in which the proceeding was instituted. Thereupon he obtained a writ of habeas corpus, which, upon its return, was dismissed by the county judge, which order was affirmed by the Appellate Division. *Held*, error; that the order of filiation was void because the police justice transgressed his power, and the relator was entitled to be discharged.

People ex rel. Lawton v. Snell, 168 App. Div. 410, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 11, 1915, which affirmed an order of the Rensselaer County Court dismissing a writ of habeas corpus and remanding the relator to custody.

The facts, so far as material, are stated in the opinion.

*Wallace H. Sidney* for appellant.

The relator not having been taken before a magistrate in Schoharie county as directed by section 844 of the Code of Criminal Procedure, the Police Court of the city of Troy had no jurisdiction of the person of said Leon Lawton, and no jurisdiction to make the commitment which it did committing said Leon Lawton to jail, and said Leon Lawton was illegally confined in jail under said commitment and entitled to his discharge upon said writ. (Code Crim. Pro. §§ 844, 845; People ex rel Savey v. Finnell, 88 Misc. Rep. 129; Hutton v. Bretsch, 157 App. Div. 68.) The motions made by the relator for his discharge were good and should have been granted for the reasons that the Police Court of Troy had no jurisdiction of the person of the defendant or of the subject-matter. (People ex rel Savey v. Finnell, 88 Misc. Rep. 129; People v. Cowie, 34 N. Y. 888; 88 Hun, 498; People v. Quimby, 72 Misc.

Rep. 421; People v. Barry, 16 App. Div. 462; People v. Freilewel, 42 N. Y. Supp. 373; People ex rel. Van Riper v. N. Y. C. Protectory, 106 N. Y. 604; McCarg v. Burr, 186 N. Y. 467; People v. Liscombe, 60 N. Y. 559; People ex rel. Frey v. Warden, 100 N. Y. 20; People ex rel. Stumpf v. Craig, 79 Misc. Rep. 98; Decker v. Ekelman, 17 Misc. Rep. 665.) ,

*John P. Taylor, District Attorney (Charles I. Webster of counsel), for respondent.*

The police justice of the city of Troy had jurisdiction of the charge against the defendant and of the person of the defendant. (L. 1909, ch. 55, §§ 184, 185.) It is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. (Adriance v. Lagrave, 59 N. Y. 110; Matter of Lagrave, 45 How. Pr. 301; U. S. v. Caldwell, 8 Blatchf. 131; U. S. v. Lawrence, 13 Blatchf. 300; People v. Rowe, 4 Park. Cr. Rep. 253; People v. Eberspacher, 79 Hun, 410; People v. Jeratino, 62 Misc. Rep. 587; People v. Cuatt, 70 Misc. 455; People ex rel. Edwards v. Warden, etc., 37 Misc. Rep. 635.)

COLLIN, J.:

The relator is in the custody of and detained by the defendant by virtue of a commitment issued under section 852 of the Code of Criminal Procedure. Upon the return of the writ of habeas corpus issued by the county judge of Rensselaer county it was dismissed and the relator remanded to custody by an order which the Appellate Division affirmed.

The proceeding was instituted in the court of the police justice of the city of Troy in Rensselaer county, a city of the second class. It was governed by the provisions of title V, chapter 1 of the Code of Criminal Procedure, except the police

justice, instead of two magistrates (Code of Crim. Pro. § 848), conducted it. (Second Class Cities Law [Cons. Laws, ch. 53], § 185.) The relator, whose arrest as the father of the bastard the warrant issued by the police justice directed (Code of Crim. Pro. § 841), resided and under the warrant and the indorsements of it duly made (§ 843) was arrested in Schoharie county. Section 844 provided:

" When the defendant is arrested in another county, he must be taken before the magistrate who indorsed the warrant, or before another magistrate of the same city or county, who may take from the defendant an undertaking, with sufficient sureties, to the effect:

" 1. That he will indemnify the county, and town or city, where the bastard was or is likely to be born, and every other county, town or city, against any expense for the support of the bastard, or of its mother during her confinement and recovery, and to pay the costs of arresting the defendant, and of any order of filiation that may be made, or that the sureties will pay the sum indorsed on the warrant; or,

" 2. That the defendant will appear and answer the charge at the next county court of the county where the warrant was issued, and obey its order thereon."

The relator was not taken before the magistrate of Schoharie county who indorsed the warrant, or any other magistrate of that county, but was taken before the police justice of Troy, who entered upon the inquiry in respect to the charge against the relator as provided in section 848. The relator by his counsel objected to the jurisdiction of the police justice to so proceed, upon the ground, among others, that section 844 had not been complied with. The objection was overruled, the inquiry conducted and the order of filiation, certifying the reasonable cost of arresting the relator and the sums to be paid by him for the support of the child and mother, made. (§ 850.)

Section 851 provides:

" If the defendant be adjudged to be the father, he must immediately pay the amount certified for the costs of the arrest and of the order of filiation, and enter into an undertaking, with sufficient sureties approved by the magistrates, to the effect,

" 1. That he will pay weekly or otherwise, as may have been ordered, the sum directed for the support of the child, and of the mother during her confinement and recovery, or which may be ordered by the county court of the county; and that he will indemnify the county, and town or city where the bastard was or may be born (as the case may be), and every other county, town or city, which may have been or may be put to expense for the support of the bastard, or of its mother during her confinement and recovery, against those expenses, or that the sureties will do so, not exceeding the sum mentioned in the undertaking, and which must be fixed by the magistrate; or,

" 2. That he will appear at the next term of the county court of the county, to answer the charge and obey its order thereon, or that the sureties will pay a sum equal to a full indemnity for supporting the bastard and its mother, as provided in the first subdivision of section 844."

Because the relator did not comply with the provisions of this section, he was committed to the county jail.   (§ 852.)

The police justice did not have the power, under the facts presented, to subject the relator to the provisions of section 851.   The common law did not make the father of a bastard liable for the support of either the mother or the child, and the liability of the relator exists solely by virtue of the statute. (Todd v. Weber, 95 N. Y. 181; 2 Kent's Com. [13th ed.] p. 215.)   The proceedings by which the liability shall be determined and fixed are defined and controlled exclusively by the statutes which must be in their substance strictly and fully complied with.   (Hutton v. Bretsch, 216 N. Y. 23.)

In the present case the power of the police justice to proceed

beyond the issuance and indorsement of the warrant (§§ 842, 843) depended upon either of the two sets of facts or conditions, that (a) the officer aresting the relator in Schoharie county had taken him before the magistrate of that county, who indorsed the warrant (§§ 843, 844), and the relator did not give an undertaking as provided in section 844 and had been taken before the police justice (§§ 846, 848), or (b) the officer had taken him before the Schoharie county magistrate and the relator gave an undertaking as provided in section 844, had been discharged from arrest (§ 845) and the warrant, indorsed with the certificate of the Schoharie county magistrate of the discharge of the relator, and the undertaking delivered to the police justice. (§§ 845, 854.) The police justice had not the power to commit the relator to the county jail unless the first of such sets of facts or conditions existed. (§ 852.) Unless such facts or condition existed, an order of filiation did not subject the relator to the provisions of section 851. Those conclusions are produced and compelled by the mandatory and imperative commands of the statute. The officer " must " take the defendant before the magistrate of the county of defendant's residence in order that he may take the undertaking (§ 844) and the undertaking being given, he " must " discharge the defendant (§ 845), and thereupon the officer " must " deliver the warrant indorsed with a certificate of the discharge, and the undertaking to the magistrate issuing the warrant. If the defendant do not give the undertaking the officer " must " take him before the last-named magistrate, who then and in that event " must " proceeed as provided in sections 848–850. When the defendant gives the undertaking, and when it and the warrant indorsed with the certificate of defendant's discharge are delivered to the magistrate who issued the warrant, then and in that event the magistrate " must " proceed as prescribed in section 854, but an order of filiation made while so proceeding does not subject the defendant to the provisions of section 851,

and, therefore, does not subject him to any commitment. While the word " must," when used in statues, is not universally and necessarily mandatory (Jenkins v. Putnam, 106 N. Y. 272; Matter of Thurber, 162 N. Y. 244, 252), here, indubitably, the directions of the sections are mandatory and imperative. The validity of the order of filiation and the commitment depended upon a strict compliance with the substance of them. Such conclusion rests upon either of two rules which, while akin, are not identical. The one, the jurisdiction or, in other words, the power of a judicial tribunal to try or inquire and adjudge in a proceeding purely statutory, in which the subject-matter and the remedy are purely the creatures of the statutes, is delimited and confined by the provisions of those statutes. An invalidity of its determination or adjudication in the proceeding will result from its action in disobedience to or contravention of the statutory requirements, as well as from its lack of power to take cognizance of the claim or accusation—want of jurisdiction of the subject-matter—or to secure the constructive or actual appearance of the defendant or accused—want of jurisdiction of the person. The order of filiation was void unless all the material requirements of the statute were substantially complied with. (People ex rel. Ritzenthaler v. Higgins, 151 N. Y. 570, 12 N. Y. Crim. 186; Huton v. Bretsch, 216 N. Y. 23; Sprague v. Eccleston, 1 Lans. 74; People v. Crispi, 106 App. Div. 176; 19 N. Y. Crim. 492; Brahmstead v. Ward, 44 Wis. 591; State v. Wakefield, 60 Vt. 618.) The other, compliance with the commands of a mandatory statute, is a condition precedent to the validity of an act or determination under it. The mode or way in which the act shall be done or the determination reached prescribed by it must be strictly pursued, otherwise the act or the determination will be void. (2 Lewis' Sutherland Statutory Const. [2d ed.] § 627; State v. Perkins, 58 Vt. 722; Norwegian Street, 81 Pa. St. 349.)

From the facts and the references to the Code sections already

stated it is clear and certain that the police justice did not obey in matters of substance, or proceed in conformity with the statutory requirements. His power, from the commencement of the proceeding to its termination came to him through and as given in those mandatory and imperative provisions and a step or act in the proceeding in disobedience of or in conflict with them was *coram non judice.* For the reasons stated the order of filiation was void and the relator did not become subject to the provisions of section 852.

This conclusion does not conflict with the directions of section 684 of the Code of Criminal Procedure to the effect that a departure from the prescribed form or mode of pleadings or proceedings not prejudicing a substantial right of the defendant does not render a judgment or proceeding invalid. The procedure of the officer and the police justice was prejudicial to the relator in three respects: (1) It deprived him of the right to give an undertaking under section 844 in the county of his residence and thereby secure his discharge from arrest. (2) It subjected him to the provisions of sections 851, 852, whereas if he had given an undertaking under section 844 those sections would have been inapplicable. (3) He could give an undertaking under either subdivision of section 844 and have, upon an appeal to the County Court from an order of filiation, a full rehearing, that is, he could appeal from the entire order. He could not give an undertaking under subdivision 1 of section 851 and appeal from the entire order; his appeal in that case would be limited to the part of the order fixing the weekly or other allowances to be paid. (§§ 861, 862, 864, 865, 867.)

The reasons for reversal are not opposed, at any point, to those for the decision in People v. Eberspacher (79 Hun, 410, 9 N. Y. Crim 251). The mere illegality of the act of the officer in refusing to take the relator before the magistrate of Schoharie county, or in taking him directly before the police justice is not the basis for our conclusion. The basis for it is that

the taking of the relator before the Schoharie county magistrate was a condition precedent, by virtue of the statutory requirements, to the making of the inquiry and the order of filiation, and was not fulfilled. This feature was lacking in the Eberspacher case. The relator did not waive the non-fulfillment (Jones v. Jones, 108 N. Y. 415, 425; Baird v. Helfer, 12 App. Div. 23) and was not bound to appeal from the order of filiation in order that he might escape its effect. Inasmuch as it was void, because the police justice trangressed his power, the relator might assert its invalidity through the writ of habeas corpus. I concur in the opinion of my brother Chief Judge BARTLETT.

The orders of the Appellate Division and County Court should be reversed and the relator discharged.

WILLARD BARTLETT, Ch. J.:

I concur in the opinion of our brother COLLIN for reversal and the discharge of the relator. I would add a few words as to the proposition that the police justice in Troy had jurisdiction irrespective of the unlawful methods by which the relator was brought before him. Under the statute, if the relator had been arrested in the county where the warrant was issued, the police justice would undoubtedly have had jurisdiction of the offense; but when the defendant is arrested in another county, as was the case here, he must be afforded an opportunity before a magistrate of that county to give the undertaking prescribed in section 844 of the Code of Criminal Procedure. If he gives it he can be tried only in the County Court of the county in which the warrant was issued,—not by the magistrate who issued the warrant. It is only in default of his giving the requisite undertaking that the magistrate issuing the warrant has power to try the case. (Code Crim. Proc. §§ 846, 848.) As the relator was deprived of the opportunity of giving such undertaking he was not chargeable with any default in that respect.

The argument of the respondent necessarily rests upon the proposition that the Troy police justice had jurisdiction to try bastardy proceedings generally, irrespective of the circumstances attendant upon the arrest of the defendant. This proposition is erroneous. Under the Code of Criminal Procedure as applicable to second class cities. (Second Class Cities Law [Cons. Laws, ch. 53], § 185) the police justice had jurisdiction to try bastardy proceedings only where the defendant was arrested in the county of the police justice, or where, having been arrested in another county and having been afforded an opportunity to give the security prescribed by law, he has failed to give it. Neither of these conditions existed in the present case.

SEABURY, J. (dissenting):

I am unable to agree with the judgment about to be rendered in this case and desire to state the reasons for my dissent.

On July 28th, 1914, the overseer of the poor of the city of Troy made application to the police justice of that city pursuant to section 840 of the Code of Criminal Procedure, to inquire into the charge that one Agnes Muckle, a resident of said city, was pregnant of a bastard child likely to be born and to become chargeable to the city of Troy. The police justice examined Agnes Muckle under oath and ascertained from such examination that she charged that the relator was the father of the child of which she was pregnant. The police justice thereupon issued a warrant for the arrest of the relator and caused the same to be delivered to a police officer of the city of Troy. An indorsement made upon the warrant by the police justice of the city of Troy directed that any bond that might be taken of the relator should be in the sum of $500. By an indorsement made on said warrant by one Wells, a justice of the peace of the county of Schoharie, the arrest of the relator was authorized to be made under said warrant in the county of Schoharie. On

August 8th, 1914, at Howe's Cave, in the county of Schoharie, the relator was arrested. Up to this point it is not claimed that any irregularity in procedure occurred. The course which should then have been followed is defined in section 844 of the Code of Criminal Procedure. That section provides as follows: " When the defendant is arrested in another county, he must be taken before the magistrate who indorsed the warrant, or before another magistrate of the same city or county, who may take from the defendant an undertaking, with sufficient sureties, to the effect: 1. That he will indemnify the county, and town or city, where the bastard was or is likely to be born, and every other county, town or city, against any expense for the support of the bastard, or of its mother during her confinement and recovery, and to pay the costs of arresting the defendant, and of any order of filiation that may be made, or that the sureties will pay the sum indorsed on the warrant; or, 2. That the defendant will appear and answer the charge at the next county court of the county where the warrant was issued, and obey its order thereon." Instead of taking the relator before a magistrate of Schoharie county in the manner provided in section 844 of the Code of Criminal Procedure, the officer making the arrest took the relator directly before the police justice of the city of Troy who issued the original warrant. The relator objected to the jurisdiction of the police justice to proceed with the inquiry then pending before him on the ground that section 844 of the Code of Criminal Procedure had not been complied with. The police justice overruled the objection, and proceeded with the inquiry in the regular way and entered an order of filiation certifying the sum to be paid by the relator for the support of the child and mother and reasonable costs incident to arresting the relator. Upon the failure or refusal of the relator to comply with the provision of this order he was committed to the county jail. The relator then sued out a writ of habeas corpus. Whether in such a case the writ should be sustained is the ques-

tion to be determined upon this appeal. Proceedings under the
statute in a bastardy case while partaking of the nature of both
a criminal prosecution and a civil suit are quasi-criminal. The
proceedings taken under the statute must be in conformity to its
provisions. (Hutton v. Bretsch, 216 N. Y. 23.) The police
justice of the city of Troy had jurisdiction to hear and deter-
mine bastardy proceedings. The proceeding against the relator
was such a proceeding. The police justice of the city of Troy,
therefore, had jurisdiction of the subject-matter. The defend-
ant was actually arraigned before the police justice of the city of
Troy, and was present during the whole proceeding. The police
justice had jurisdiction of the person of the relator, unless the
irregularity existing in the method by which the relator was
brought from Schoharie county to Rensselaer county served to
deprive him of that jurisdiction. It is now settled that where
one is held by a final judgment or decree of a court which
had jurisdiction of the subject-matter and person, habeas
corpus will not lie, and the writ cannot be made to perform the
functions of a writ of error. (People ex rel. Hubert v. Kaiser,
206 N. Y. 46, 52, 28 N. Y. Crim. 102; People ex rel. Scharff
v. Frost, 198 N. Y. 110, 24 N. Y. Crim. 195; McNamara v.
Henkel, 226 U. S. 520; Matter of Gregory, 219 U. S. 210.)

In section 2016 of the Code of Civil Procedure it is provided
that a writ of habeas corpus cannot issue when the relator is
held " by virtue of the final judgment or decree, of a competent
tribunal of civil or criminal jurisdiction." The order of filiation
finally determining the bastardy proceeding was a " final judg-
ment or decree " within the meaning of section 2016 of the Code
of Civil Procedure. In People ex rel Hubert v. Kaiser (*supra*)
Judge GRAY said: " The summary remedy of a writ of habeas
corpus, which is open to every person detained in custody, that
the legality of his detention may be inquired into, cannot per-
form the functions of an appeal from the judgment of convic-
tion. The court, before which a prisoner is brought under the

writ, will inquire into the question of jurisdiction and if it appears that the power existed to pronounce the judgment, the writ must be dismissed." In the case under review the police justice of the city of Troy clearly had jurisdiction of the subject-matter, and, as already pointed out, he had jurisdiction of the person of the relator, unless the irregularity existing in the method by which the relator was brought from Schoharie county to Rennselaer county deprived him of that jurisdiction. Whether that irregularity served to deprive the police justice of jurisdiction of the person of the relator is, as I view this case, the only question which is presented for determination. It is a settled principle of law that the jurisdiction of a court in which one is charged with an offense is not impaired by the manner in which the person charged is brought before it. (Mahon v. Justice, 127 U. S. 700, 712; Ker v. Illinois, 119 U. S. 436, 437; State v. Smith, 1 Bailey [So. Car.], 283; State v. Brewster, 7 Vt. 118; State v. Ross, 21 Iowa, 467; U. S. v. Lawrence, 13 Blatchf. Cir. Ct. Rep. 295; U. S. v. Caldwell, 8 Blatchf. Cir. Ct. Rep. 131; People v. Rowe, 4 Park. Cr. Rep. 253.) It is said that this principle, now firmly fixed in our jurisprudence, was first clearly enunciated by Lord TENTERDEN in *Ex parte* Scott (9 B. & C. 446.) In that case a rule *nisi* had been obtained for a habeas corpus. It appeared that an indictment for perjury had been found against the relator and a warrant for her arrest had been issued. The police officer to whom the warrant was directed apprehended the relator at Brussels and brought her to England. In determining the question raised by the objection of the relator Lord TENTERDEN, Ch. J., said: " The question, therefore, is this, whether if a person charged with a crime is found in this country, it is the duty of the court to take care that such a party shall be amenable to justice, or whether we are to consider the circumstances under which she was brought here. I thought, and still continue to think, that we cannot

inquire into them. If the act complained of were done against the law of a foreign country that country might have vindicated its own law. If it gave her a right of action, she may sue upon it." The doctrine thus declared by Lord TENTERDEN seems never to have been departed from. In Mahon v. Justice (*supra*), Mr. Justice FIELD after reviewing the authorities said: "There is indeed an entire concurrence of opinion as to the ground upon which a release of the appellant in the present case is asked, namely, that his forcible abduction from another state, and conveyance within the jurisdiction of the court holding him, is no objection to his detention and trial for the offense charged. They all proceed upon the obvious ground that the offender against the law of the state is not relieved from liability because of personal injuries received from private parties, or because of indignities committed against another state. It would indeed be a strange conclusion, if a party charged with a criminal offense could be excused from answering to the government whose laws he had violated because other parties had done violence to him, and also committed an offense against the laws of another state." In People v. Eberspacher (79 Hun, 410, 411) a complaint was made out and a warrant issued by a court having jurisdiction of the offense charged. The defendant was arrested in another county, the warrant not being properly indorsed, and was denied his request to be taken before a magistrate of that county to enable him to give bail. On being arraigned the defendant asked his discharge on the ground of the illegality of his arrest and the denial of his privilege to give bail before a magistrate in the county of his arrest. Mr. Justice CULLEN in that case said: "We think that the point as to the defendant's arrest does not affect the validity of his trial and conviction. The complaint was made and a warrant properly issued, and the court had jurisdiction of the offense charged. It was, therefore, authorized to try and determine the complaint against the defendant whenever he might

be brought before the court. The general rule is that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court." Such is, I believe, the general rule applicable to a case where one is accused of crime and is brought improperly or by some unlawful method within the jurisdiction of the court in which the charge is pending against him. I can see no valid distinction, either in principle or based on the statutes applicable to this particular proceeding, which calls for the application of a different rule to this case. If the relator was unlawfully brought from Schoharie county to Rensselaer county those who committed the wrong may be held responsible, but that fact is not a reason why the tribunal in which the charge is pending should refuse to try the accused or for discharging him from custody. The wrongful method by which the relator was brought to Rensselaer county is not condoned. It is ignored. In such cases the law applies the same principle that it does in the reception upon a trial of competent evidence which was obtained by deception or unlawful means. In such cases the court does not sanction the deception practiced or the unlawful means employed, but it does not on that account exclude the evidence. As remarked by Chief Judge BARTLETT, in a recent case: "This is very far from approval." (People v. Buffom, 214 N. Y. 53, 56.) The application of a different rule would seriously embarrass the proper administration of justice. (U. S. v. Lawrence, *supra*, 306.)

It is suggested that the illegal act of the police officer in taking the relator to Rensselaer county and refusing to take him before a magistrate of Schoharie is not the reason for the conclusion that the police justice of the city of Troy was without jurisdiction and it is urged that the police justice was without jurisdiction because the taking of the relator before a magistrate of Schoharie county was a condition precedent by virtue of statutory requirements, to conducting the proceedings and

making the order of filiation. The fact that the method by which one charged in a bastardy proceeding is to be brought to the county where the charge is pending is prescribed by statute does not seem to me to distinguish this case from any other where the accused is brought in an illegal manner before the court where the accusation against him is pending. In that case, as in others, the law prescribes a lawful manner by which one who is charged with an offense may be brought within the jurisdiction where the charge is pending. But if the person accused is brought before the tribunal in which the charge is pending in an unlawful manner, the jurisdiction of the court is not thereby impaired and that jurisdiction cannot be defeated by the plea that compliance with the lawful method of bringing the accused within the jurisdiction is a condition precedent to the exercise by the court of its jurisdiction over him. The jurisdiction of the police justice of the city of Troy over the person of the relator was not impaired by the manner in which the relator was brought before him, and as that magistrate had jurisdiction of the subject-matter of the proceeding, the commitment issued pursuant to the order of filiation cannot properly be reviewed under a writ of habeas corpus.

It follows that the order appealed from dismissing the writ should be affirmed, with costs.

POUND, J.:

I think that the officer exceeded his powers when he brought relator before the police justice of the city of Troy, but I am unable to reach the conclusion that the Troy magistrate thereby lost jurisdiction.

It has often been held that it is no defense to a criminal prosecution that the defendant was illegally brought within the jurisdiction. (People v. Eberspacher, 79 Hun, 410, 9 N. Y. Crim. 251; People v. Iverson, 46 App. Div. 301, 14 N. Y. Crim. 155; Ker v. Illinois, 119 U. S. 436.)

The Code of Criminal Procedure (§ 165) reads as follows: " The defendant must in all cases be taken before the magistrate without unnecessary delay, and he may give bail at any hour of the day or night."

The magistrate does not lose jurisdiction by reason of unnecessary delay on the part of the officer. Habeas corpus may grant relief during the period of unlawful detention, but not for that reason after the prisoner is brought before the magistrate.

The Code of Criminal Procedure (§ 173) provides: " The defendant must be informed by the officer that he acts under the authority of the warrant, and he must also show the warrant, if required."

The magistrate should not discharge defendant because the officer had not stated his authority and shown his warrant.

The Code of Criminal Procedure (§ 180) provides: " When arresting a person without a warrant the officer must inform him of the authority of the officer and the cause of the arrest, except when the person arrested is in the actual commission of a crime, or is pursued immediately after an escape."

The magistrate would have jurisdiction, although the arrest was illegally made.

These provisions and others of like nature are directions to the officer or person making an arrest, which he disregards at his peril, but they have no bearing on the question of jurisdiction.

The Code of Criminal Procedure (§ 844) has to do with the duty of the officer to permit defendant to give an undertaking without being brought before the magistrate who issued the warrant. The magistrate may, if such an undertaking is given, then proceed in the absence of the defendant (Code Crim. Pro. § 855) in the same manner as if the arrest had been made in his county (Code Crim. Pro. § 854).

It was the duty of the magistrate, if defendant was brought before him, to inquire into the charge, and not into the ques-

tion of how defendant was brought there.    (Code Crim. Pro.
§ 848.)

The orders should be affirmed.

CHASE and HOGAN, JJ., concur with COLLIN, J., and
WILLARD BARTLETT, Ch. J.; SEABURY, J.; reads dissenting
opinion, and CUDDEBACK, J., and POUND, J., in memorandum,
concur.

Orders reversed, etc.