SIDNEY I. PRAGER, Respondent, *v.* JACOB MANOWITZ, Appellant.

First Department, January 25, 1935.

*Sidney J. Loeb* of counsel [*Leon M. Prince* with him on the brief; *Prince & Loeb*, attorneys], for the appellant.

*Sidney I. Prager* [*Mortimer Feuer* with him on the brief], respondent in person.

GLENNON, J. This is an appeal from an order denying defendant's motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint.

The theory upon which respondent relies is set forth in his complaint. It appears that a proceeding was instituted in the Children's Court in the county of Nassau, under the provisions of the Domestic Relations Law, to compel the appellant to support one Marion Beuschel, the infant daughter of Betty Beuschel.

It is quite apparent from reading the opinion of the judge of the Children's Court, dated June 3, 1932, which is annexed to the complaint, that the appellant stoutly resisted the charge and even went so far as to contend that he was the subject of blackmail. Nevertheless, the defendant was adjudged to be the father of the child born to Betty Beuschel, and he was directed to pay the sum of seven dollars per week " to the proper officer of this Court."

The proceedings on behalf of the People were conducted by an assistant district attorney. It appears that the defendant took an appeal to the Appellate Division, Second Department, on or about the 20th day of June, 1932. (See *People* v. *Manowitz*, 236 App. Div. 809.) During the pendency of the appeal, on January 26, 1934, the respondent was substituted as the attorney for the People of the State of New York and Betty Beuschel. Thereafter he rendered certain legal services in connection with the appeal from the order, which was later affirmed. (See *People ex rel. Beuschel* v. *Manowitz*, 241 App. Div. 772.) He has demanded damages in the sum of $5,000.

From the recital of the facts it is quite apparent that the appellant at no time authorized the respondent to act in behalf of the infant. It is the contention of the respondent that the appellant is liable nevertheless for the services rendered. The court at Special Term in denying the motion to dismiss the complaint said:

" The People brought filiation proceedings against defendant in which he was found to be the father. The defendant appealed. During the appeal the plaintiff was substituted as attorney for the People in the interests of the infant. The father is liable for necessaries for his child. I believe the service here rendered was a necessary furnished the infant. It is at least a question of fact to be determined." With that statement of the law we do not agree. We find nothing in the Domestic Relations Law which gives this respondent the right to recover damages from the appellant. The proceeding is purely a statutory one.

In 1 Schouler on Marriage, Divorce, Separation and Domestic Relations ([6th ed.] § 709) appears the following: " Illegitimate children are not favored in law and have only such rights as are expressly granted by statute. The common-law rule, in absence of statutes, is that the putative father is under no legal liability to support his illegitimate offspring." Again in *People ex rel. Lawton* v. *Snell* (216 N. Y. 527, at p. 532), Judge COLLIN said: " The common law did not make the father of a bastard liable for the support of either the mother or the child, and the liability of the relator exists solely by virtue of the statutes. (*Todd* v. *Weber*, 95 N. Y. 181; 2 Kent's Com. [13th ed.] p. 215.) The proceedings by which the liability shall be determined and fixed are defined and controlled exclusively by the statutes which must be in their substance strictly and fully complied with. (*Hutton* v. *Bretsch*, 216 N. Y. 23.) "

The legal services which respondent claims he rendered on behalf of the infant are not covered by section 127 of the Domestic Relations Law, which reads as follows:

" 1. If the finding be against the defendant, the court shall make an order of filiation, declaring paternity and for the support and education of the child.

" 2. The order of filiation shall specify the sum to be paid weekly or otherwise, until the child reaches the age of sixteen. In addition to providing for the support and education, the order shall also provide for the payment of the necessary expenses incurred by or for the mother in connection with her confinement and recovery; for the funeral expenses if the child has died; for the support of the child prior to the making of the order of filiation; and such expenses in connection with the pregnancy of the mother as the court may deem proper."

As we have already seen, the court in the original proceeding directed the appellant to pay the sum of seven dollars per week " to the proper officer of this court " for the support of Marion Beuschel.

The case of *Neary* v. *Robinson* (98 N. Y. 81) does not support respondent's claim. The question here involved was not in issue before the court at the time the opinion was written. As we view the authority relied upon, after reading the entire opinion, we reach the conclusion that it is helpful to sustain appellant's contention rather than the claims of the respondent.

For reasons assigned herein, the order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.