MAXWELL SCHNEIDER et al., Respondents, *v.* RUTHINA KENNAT, Defendant, and LOUIS HARTOG, Defendant-Appellant.

First Department, March 24, 1944.

*Isidore Mesibov* of counsel (*Henry A. Bruder* with him on the brief; *Bluestone & Mesibov*, attorneys), for appellant.

*Emanuel Redfield* for respondents.

COHN, J. The first cause of action is insufficient. It is not alleged therein that appellant promised respondents that he would support the natural child. (See New York City Criminal Courts Act, § 61, subd. 1.) Under the common law there is no obligation upon the putative father to furnish it with necessaries. (*People ex rel. Lawton* v. *Snell,* 216 N. Y. 527; *Prager* v. *Manowitz,* 243 App. Div. 284; *Matter of People* v. *Polep,* 233 App. Div. 450.) In this State, the responsibility of the father to render support for such a child exists only by virtue of statute. "The proceedings by which the liability shall be determined and fixed are defined and controlled exclusively by the statutes which must be in their substance strictly and fully complied with." (*People ex rel. Lawton* v. *Snell, supra,* 532.)

Article VIII of the Domestic Relations Law (§§ 119–139) outlines the procedure for establishing paternity throughout the State of New York, except for New York City; it also directs the extent to which the putative father is liable and the manner in which the liability is imposed. In New York City such a proceeding is controlled by article V of the New York City Criminal Courts Act (as amd. by L. 1941, ch. 409; see *Commissioner of Public Welfare [Complaint of Middlekamp]* v. *Nelson,* 232 App. Div. 763). Though the Domestic Relations Law (§ 120) provides that the parent of such a child is answerable for its necessary support and education, when article VIII is read in its entirety it becomes clear that the statute has modified the common-law rule only to the extent that, in a filiation proceeding brought by the mother, or other appropriate person, or a public welfare official, the paternity is determined and, in a proper case, support for the natural child is directed. To the same effect are the provisions of article V of the New York City Criminal Courts Act (§§ 60–79).

The statute has not abrogated the common-law rule so as to make appellant liable to respondents for the support and maintenance of the child in the circumstances set forth in this cause of action.

In the second cause of action it is alleged that appellant "admitted and recognized the said child as his own, and requested that plaintiffs accept the surrender, maintenance and care of said child for the purpose of legal adoption." Read in

conjunction with the other facts stated, that allegation sufficiently sets forth an obligation on the part of the appellant to pay for the child's support. (*Todd* v. *Weber*, 95 N. Y. 181 *Hook* v. *Pratt*, 78 N. Y. 371.) In the *Todd* case the court stated the pertinent law as follows (p. 189): "So if he acknowledges or adopts the child as his own, and at his request it is cared for by others, he becomes liable in favor of the party providing for it [cases cited], and remains so until he renounces the child or otherwise notifies the persons who have it, that he will no longer be bound to them. From these or like circumstances a promise to make compensation may be implied, and of course such a promise may also be expressed by him.''

The order should be modified by dismissing the first cause of action against defendant-appellant, and as so modified affirmed, without costs, with leave to defendant-appellant to answer the amended complaint within ten days after service of order.

TOWNLEY, GLENNON and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to dismiss the amended complaint.

Order modified by dismissing the first cause of action against defendant-appellant, and as so modified affirmed, without costs, with leave to the defendant-appellant to answer the amended complaint within ten days after service of order with notice of entry thereof. [See *post*, p. 954.]