Cohst, J.
The questions to be determined are: (1) Has the Court of Special Sessions of the City of New York power to allow counsel fees to an attorney for complainant in a paternity proceeding, and (2) may that court amend an order duly made which denied counsel fees, by making such an allowance at a later date nunc pro tunc.
This proceeding was instituted by complainant through her own attorneys in the Court of Special Sessions of the City of New York against defendant to establish paternity of a child and to secure adequate support for its maintenance. Defendant, though admitting paternity, sought a dismissal upon jurisdictional grounds. His objections were overruled and the court on February 19,1948, made a temporary order of filiation directing defendant to pay $50 per month for the support of the child.
Thereafter, by notice of motion returnable on April 8, 1948, attorneys for the complainant made an application for an allowance of counsel fees in connection with her pregnancy. On April 8,1948, a final order was entered which fixed the support allowance for the child at $75 dollars per month but specifically denied the motion for counsel • fees. Defendant thereafter appealed from each and every part of the order save that portion which denied the motion for counsel fees.
Some nine months later and on December 17,1948, complainant made an application to amend the filiation order entered on April 8, 1948, so as to include an allowance for counsel fees. Complainant’s apphcation was granted and an order was made amending the fiEation order nunc pro tunc by allowing counsel fees of $250. This appeal is taken from that order.
An affiEation proceeding is a creature of statute and is wholly controlled by the Legislature which created it. Its two-fold purpose, to determine paternity and to secure support for the child, was unknown to the common law. In New York City the proceeding is controlled exclusively by article Y of the New York City Criminal Courts Act (N. Y. City Crim. Cts. Act, § 60; Schneider v. Kennat, 267 App. Div. 589, 591; Commissioner of Public Welfare [Middlekamp] v. Nelson, 232 App. Div. 763; Anonymous v. Anonymous, 174 Misc. 906, 908). In other parts of the State of New York such proceedings are regulated by article YIH of the Domestic Relations Law and more particularly section 120 thereof. That statute (§ 120), as amended by chapter 154 of the Laws of 1947, provides that in connection with the mother’s pregnancy the father is liable for expenses including counsel fees as the court in its discretion may deem proper.
*301 The New York City Criminal Courts Act, however, imposes no liability upon the father for counsel fees to an attorney for a complainant in a paternity proceeding. Though section 120 of the Domestic Eelations Law so provides, there is no similar provision to be found in the New York City Criminal Courts Act. If it were the intention of the Legislature to authorize an award of counsel fees for a complainant in a privately instituted paternity proceeding in the city of New York, appropriate provision would have been made therefor by amending the New York City Criminal Courts Act to express such intent in the same manner as is now provided in the Domestic Eelations Law. When the Legislature desired to amend the paternity statutes to legalize blood tests as an evidence of paternity, it did so by enacting separate amendments for the Domestic Eelations Court Act (L. 1935, ch. 198 as amd. by L. 1936, ch. 604; Domestic Eelations Law, § 126-a) and for the New York City Criminal Courts Act. (N. Y. City Crim. Cts. Act, § 67, subd. 1-a; L. 1935, ch. 197 as amd. by L. 1936, ch. 439.) Similarly, two separate amendments were made to add to both statutes a clause permitting husband and wife in a paternity proceeding to testify to nonaccess where the mother is married (Domestic Eelations Law, § 126; L. 1939, ch. 852; N. Y. City Crim. Cts. Act, § 67).
Though the statute governing paternity proceedings in New York City defines support to include “ reasonable expenses in connection with her pregnancy as the court in its discretion may deem proper ” (N. Y. City Crim. Cts. Act, § 61, subd. 4), such language does not include liability for legal services rendered in the paternity proceeding in behalf of the mother or the child. Statutes requiring parents of a child born out of wedlock to support and educate the child are in derogation of the common law and must be strictly construed (People ex rel. Lawton v. Snell, 216 N. Y. 527, 532; Schneider v. Kennat, 267 App. Div. 589, 591, supra; Prager v. Manowitz, 243 App. Div. 284, 286 Glennon, J.; Albanese v. Richter, 67 F. Supp. 771, affd. on other grounds, 161 F. 2d 688, certiorari denied, 332 U. S. 782).
Nor does such a construction as this create a hardship upon the mother for in the city of New York a proceeding to establish the paternity of a child and to compel support may be instituted by the department of public welfare if the mother or the child is likely to become a public charge (N. Y. City Crim. Cts. Act, art. V, § 64, subd. [1]). In such circumstances the complainant is represented by the Corporation Counsel of the City of New York without obligation to her and there is then no necessity for engaging private counsel.
*302 We think, too, that the court was without power to alter by amendment its original order of April 8, 1948, denying counsel fees in the guise of a nunc pro tunc amendment to the order of filiation entered on February 25,1949. If either complainant or defendant was dissatisfied with the final order of April 8, 1948, an appeal could have been taken, as in fact was done here, within thirty days after the entry of the order. (N. Y. City Grim. Cts. Act, § 76.) Though section 72 of the controlling statute gives the Court of Special Sessions continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount fixed by the order of support, neither that nor any other section of article V of the New York City Criminal Courts Act authorizes the court to modify a final determination denying an application for counsel fees for a complainant. The amendment here was not made to correct a mere clerical error or to supply an omission concerning relief to which complainant was entitled as a matter of course. The change made was a matter of substance affecting a substantial right and could not be corrected in the manner chosen here (Herpe v. Herpe, 225 N. Y. 323; Clancy v. New York, N. H. & H. R. R. Co., 226 N. Y. 213, 217; Schenectady Trust Co. v. Emmons, 290 N. Y. 225, 229; Jacquin v. Syracuse Auto R. & T. Corp., 263 N. Y. 53). The rule applies in criminal cases as well as in civil cases (People ex rel. Hirschberg v. Orange Co. Ct., 271 N. Y. 151, 156). In granting the motion to amend its earlier order, a differently constituted court in effect reversed a prior ruling and exercised the functions of an appellate court. This it could not do.
For the foregoing reasons the order granting an allowance of counsel fees to attorneys for complainant should be reversed and the motion in all respects denied, without costs.
Dore, J. P., Callahan, Van Voorhis and Shibntag, JJ., concur.
Order unanimously reversed and the motion denied.