Morrie Slifkin, J.
In this paternity proceeding, after a hearing, the court determined that the respondent was the father of the child born to petitioner.
In connection with this proceeding, the attorney for the petitioner has now requested that the court allow to petitioner the expenditures of petitioner for furniture and clothing required to be furnished for the care of the infant child.
In Matter of Anonymous v. Anonymous (44 Misc 2d 721) the court directed that respondent be required to pay the cost of crib, mattress, play pen, carriage, clothing, diaper service, and foods. The court cited no express authority for this direction, simply stating that under section 545 of the Family Court Act that the court had the power to fix an order of support from the date of the birth of the child.
In Samuels, Family Court Law and Practice in New York at page 201, section 514 of the Family Court Act is discussed. This section provides as follows: ‘ ‘ The father is liable to pay the reasonable expenses of the mother’s confinement and recovery and such reasonable expenses in connection with the pregnancy as the court in its discretion may deem proper.” The author, in commenting on the liability which exists in paternity proceedings, stated that the liability is entirely statutory and was unknown at common law and, therefore, the statute must be strictly construed. (People ex rel. Lawton v. Snell, 216 N. Y. 527; Albanese v. Richter, 67 F. Supp. 771, affd. 161 F. 2d 688, cert, den. 332 U. S. 782.) In People ex rel. Lawton v. Snell (supra, p. 532) Collin, J. says: “ The common law did not make the father of a bastard liable for the support of either the mother or the child, and the liability of the relator exists solely by virtue of the statutes. [Citations omitted.'] The proceedings by which the liability shall be determined and fixed are defined and controlled exclusively by the statutes which must be in their *968 substance strictly and fully complied with. (Hutton v. Bretsch 216 N. Y. 23.)
This court finds no authority in sections 514 and 545 of the Family Court Act to require that respondent be held liable for such postnatal expenses as furniture, carriage and clothing. The court cannot determine these items as expenses in connection with the pregnancy, confinement and recovery of the mother.