Liston F. Coon, J.
The issue raised on this motion is whether or not a paternity proceeding lies pursuant to article 5 of the Family Court Act where the complainant becomes pregnant and thereafter submits to a voluntary abortion. The question is one of increasing importance in light of the recent liberalization of our abortion laws resulting from chapter 127 of the Laws of 1970.
It is not disputed that in 1971 petitioner became pregnant and submitted to an abortion on December 17, 1971. The petition herein was filed on January 4, 1972. The relief sought is to have respondent declared to be the father of the unborn child as a basis for compelling him to pay for the medical expenses connected with the pregnancy and for the cost of the abortion.
Petitioner relies upon the decision in Matter of Gladys C. v. Robert L. (61 Misc 2d 381) where the court held that a paternity petition was not subject to dismissal despite a therapeutic abortion terminating the pregnancy subsequent to the filing of the proceeding.
Where one seeks to be awarded expenses connected with a pregnancy or hospital costs there must first be a finding of paternity. Section 545 of the Family Court Act provides that where an order of filiation is made the court may direct the payment of expenses incurred by the mother. Section 514 of the same law provides that the father is liable to pay reasonable expenses of the mother. It necessarily follows that without a preliminary finding of paternity no expenses may be awarded.
Our laws relating to children born out of wedlock are solely of statutory creation. At common law the father of an illegitimate child was not liable for the support of either the child or the mother (Feyler v. Mortimer, 299 N. Y. 309). Being in derogation of the common law the applicable statutes must *729 be strictly construed (Hough v. Light, 275 Ap. Div. 299; cf. Matter of Gladys C. v. Robert L., supra).
The present paternity statute 1 ‘ is designed to permit the Family Court to draw upon all its resources in protecting and caring for the innocent child of an illicit relation ”. (Committee Comments, McKinney’s Cons. Laws of N. Y., Book 29A, Pt. 1, Family Ct. Act, § 511, p. 242.) In my opinion this contemplates the actual birth to a mother of an illegitimate child.
Section 59 of the General Construction Law provides that an illegitimate child means a child born out of wedlock. Section 512 of the Family Court Act states that ‘ ‘ the phrase ‘ child born out of wedlock ’ refers to a child who is begotten and born out of lawful matrimony.” (Emphasis added).
The Court of Appeals has just held that the Constitution does not confer or require legal personality for an unborn child in embryo (Byrn v. New York City Health & Hosps. Corp., 31 N Y 2d 194). Although the decision concedes that the Legislature may provide some protection short of conferring legal personality, it is my opinion that this was not done for the type of situation now before this court in enacting article 5 of the Family Court Act. I find no basis for a man, in a contested proceeding to be judicially declared the father of a nonborn and nonlegal person.
I conclude, therefore, that it is essential that there be an actual birth of a child to support an order of filiation. In the case of an abortion, the subsequent filing of a paternity petition is a nullity and a petition filed prior to an abortion is rendered moot and has no further viability as to that pregnancy.
The motion to dismiss the petition before the court insofar as it relates to petitioner’s pregnancy which was aborted is granted.