OPINION OF THE COURT
Elrich A. Eastman, J.
At the threshold of this motion before the court is the issue of whether this petitioner has standing to bring a paternity proceeding under article 5 of the Family Court Act after her pregnancy has been terminated by abortion.
On October 31, 1980, a petition was filed herein, pursuant to sections 514 and 545 of the Family Court Act in which petitioner sought to recover from respondent costs incurred by her in connection with her pregnancy and subsequent abortion. The petition alleges that between April 1, 1979 and July 13, 1979 petitioner and respondent engaged in sexual intercourse on several occasions, and that as a result thereof petitioner became pregnant. On July 31, 1979, petitioner underwent an abortion to terminate the pregnancy.
Thereafter, on December 11, 1979, petitioner filed a complaint against respondent in the Superior Court of the District of Columbia, Civil Division, in which she alleged monetary and physical damages resulting from breach of *150 contract. The matter came on for a hearing on May 21, 1980. The District of Columbia Court granted respondent’s motion for summary judgment on grounds that the complaint, in essence, set forth a cause of action for breach of promise to marry and such actions have been abolished in the District of Columbia pursuant to section 16-923 of the District of Columbia Code. On February 26, 1981, the Court of Appeals for the District of Columbia affirmed the lower court’s ruling.
On January 26, 1981 respondent moved to dismiss the instant petition alleging, inter alia, that the petitioner does not have standing under article 5 of the Family Court Act after she has undergone an abortion.
Section 514 of the Family Court Act provides: “The father is liable to pay the reasonable expenses of the mother’s confinement and recovery and such reasonable expenses in connection with her pregnancy as the court in its discretion may deem proper.” Petitioner cites Matter of Gladys C. v Robert L. (61 Misc 2d 381) as authority for instituting this action under section 514 of the Family Court Act, and argues that it confers on a mother an independent right of action that does not derive from the out-of-wedlock child.
Paternity proceedings are purely statutory, and were unknown at common law. (See Matter of Carolyn C. v Frank G., 106 Misc 2d 510; Matter of Geraldine K. v Elliot D.B., 99 Misc 2d 720; Matter of Czajak v Vavonese, 104 Misc 2d 601.) As such, they should be strictly construed. (See People ex rel. Lawton v Snell, 216 NY 527; Matter of Soda v Margotta, 53 Misc 2d 967.) In Matter of Gladys C. v Robert L. (supra), the court held that a woman could recover the costs of her pregnancy and confinement even though she had had an abortion. The court reasoned (supra, at p 382): “Even though these proceedings are statutory in nature, since they are remedial the statutes dealing with filiations should be liberally construed.” This interpretation, however, is in conflict with the legislative diréctive regarding construction of remedial statutes which are in derogation of the common law. Section 304 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1, Statutes) provides, in part: “Some statutes are classified as *151 both remedial and in derogation of the common law. In fact, remedial statutes are generally designed to obviate some injustice of the common law system. This double character which may attach to an act renders it uncertain whether it shall be construed liberally as a remedial statute or strictly as one in derogation of the common law. When, however, a statute creates a liability where otherwise none would exist[2] or increases a common law liability, though the statute may be placed in the category of remedial legislation, it is as a rule strictly construed.” (Emphasis supplied.) This rule of strict construction obtains, a fortiori, where no child ever came into being, in view of the fact that article 5 was enacted to permit the Family Court “to draw upon all its resources in protecting and caring for the innocent child of an illicit relation.” (See Committee Comments, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 511, p 435.) A liberal construction of the paternity statute may be required to effectuate its underlying purpose (McKinney’s Cons Laws of NY, Book 1, Statutes, § 304), but such is not the case here.
Therefore, construing section 514 of the Family Court Act strictly, this court finds that no action lies since the parties herein are neither “mother” nor “father” as these terms are used in article 5. According to section 512 of the Family Court Act, the phrase “child born out of wedlock,” as it is used throughout article 5, refers to a child who is “begotten and born out of lawful matrimony.” The word “mother” refers to “the mother of a child born out of wedlock,” and the word “father” refers to “the father of a child born out of wedlock.” Clearly, these parties cannot be the “mother” and “father” contemplated by section 514 since no child was begotten and born to them. (See Matter of Barbara B. v Glenn S., 70 Misc 2d 728.) Moreover, there is nothing in article 5 from which the court can infer that the Legislature intended to extend to fetuses the protections bestowed upon children born out of wedlock. In Byrn v New York City Health & Hosps. Corp. (31 NY2d 194, 201), the Court of Appeals observed: “Whether the law *152 should accord legal personality is a policy question which in most instances devolves on the Legislature * * * That the legislative action may be wise or unwise, even unjust and violative of principles beyond the law does not change the legal issue or how it is to be resolved. The point is that it is a policy determination whether legal personality should attach and not a question of biological or ‘natural’ correspondence.”
Accordingly, since the State’s highest court has deferred to the Legislature resolution of the issue of whether a fetus is a legal personality from whence this petitioner may derive a right of action pursuant to article 5, and, since the Legislature has directed that paternity proceedings, which are in derogation of the common law, may be liberally construed only to effectuate the purpose of the statute, the court finds that petitioner herein has no standing to petition for relief under section 514 of the Family Court Act. (See Matter of Barbara B. v Glenn S., 70 Misc 2d 728, supra.)
Moreover, petitioner is precluded from seeking relief under section 545 of the Family Court Act, which permits the court to order the father to pay the expenses incurred in connection with the mother’s pregnancy and confinement after an order of filiation has been entered.
Finally, subdivision (a) of section 517 of the Family Court Act provides that paternity proceedings may be instituted “during the pregnancy of the mother or after the birth of the child”. This action was instituted long after the pregnancy was terminated (cf. Matter of Gladys C. v Robert L., 61 Misc 2d 381, supra), and there was no birth of a child after which the action could be brought. Abortion is not birth, rather, it is “the bringing forth prematurely, of the human fetus before the natural time of birth”. (Black’s Law Dictionary [4th ed rev].) Thus, petitioner is additionally barred from instituting an action herein by the Statute of Limitations contained in section 517,
In view of the foregoing, issues raised by respondent visa-vis the putative father’s right to a blood grouping test, *153 and the res judicata effect of the District of Columbia action, need not be reached.
The motion to dismiss the petition is hereby granted.

. At common law, the putative father owed no duty of support to a child bom out of wedlock. (See Matter of Geraldine K. v Elliot D.B., 99 Misc 2d 720, supra, and cases cited therein.)