*191 OPINION OF THE COURT
Jeffry H. Gallet, J.
After objections were filed by respondent, this matter was remanded to Hearing Examiner Linda H. Safron for an additional hearing to determine if the other children respondent claims he supports should be considered in the determination of support in this proceeding. Respondent argues that the order of support levied against him did not consider his obligation to support one child living in the Dominican Republic and a second child living with him, on whose birth certificate he appears as the father.
The original record was unclear as to his obligations in reference to those children and the matter was remanded to the Hearing Examiner for further proceedings on that issue. After a second hearing, she concluded that neither child should be considered in setting this order and I agree.
The issue in this case revolves around the interpretation of Family Court Act § 413 (1) (b) (5) (vii) (D) and Domestic Relations Law § 240 (1-b) (b) (5) (vii) (D),[2] which exclude from the income upon which a noncustodial parent’s support order is calculated "child support actually paid pursuant to court order or written agreement on behalf of any child for whom the parent has a legal duty of support and who is not subject to the instant action,” and Family Court Act § 413 (1) (f) and Domestic Relations Law § 240 (1-b) (f), which permit the court to consider the needs of the noncustodial parent’s children for whom he/she is providing support not mandated by court order or written agreement. (See generally, Matter of Commissioner of Social Servs. v Rush, 152 Misc 2d 823.)
One of the children respondent claims is a 14-year-old girl who lives in the Dominican Republic. He was never married to the child’s mother nor are there existing orders of filiation or support in either the United States or the Dominican Republic. He claims that he sends $25 biweekly for her support but the only evidence he was able to produce were four receipts for payments, the earliest of which was dated May 14, 1990 and the most recent July 15, 1991.
*192 The other child lives with the respondent, her mother and her maternal grandmother. Although respondent is not married to that girl’s mother, he does appear as her father on her birth certificate. No order of filiation has been issued for that child.
Neither child is currently subject to an order of support or a support agreement nor does respondent have a "legal duty” to support either. I come to that conclusion after finding, as a matter of law, that appearing as a child’s father on a birth certificate does not create a legal obligation to support that child. Therefore, the creation of a support agreement between that child’s mother and the respondent would not place that child within the ambit of Family Court Act § 413 (1) (b) (5) (vii) (D).
At common law, there was no cause of action for support of a child born out of wedlock. (Feyler v Mortimer, 299 NY 309 [1949]; Hough v Light, 275 App Div 299 [1st Dept 1949].) Accordingly, the obligation to support, and the statute which creates that obligation, Family Court Act article 5, must be strictly construed. (Hough v Light, supra; Barbara B. v Glenn S., 70 Misc 2d 728 [Fam Ct, Schuyler County 1972].) Therefore, regardless of other circumstances, it cannot be said that the obligation to support arises prior to the issuance of an order of filiation, even though that obligation may then be retroactive to the date of the child’s birth. (Family Ct Act § 545.)
Since Family Court Act § 413 (1) (b) (5) (vii) (D) does not mandate consideration of the other children the respondent claims to support, the remaining question is whether or not they should be considered under Family Court Act § 413 (1) (f) (8). That section permits the consideration of a noncustodial parent’s children who are being supported but are not subject to formal agreements or orders of support. The answer is in the negative.
There is no reason to believe that the Legislature ever intended to credit noncustodial parents for the support of children unless there was a legal obligation to support those children. To the contrary, a noncustodial parent may not voluntarily support another child, even the child of a paramour or new spouse, to the detriment of his/her own child. The obvious purpose of Family Court Act § 413 (1) (f) (8) is to permit the voluntary support of children to whom a legal duty to support has attached, not to permit consideration of those to whom one feels a moral obligation. Since a legal duty to *193 support has not attached to either of the children respondent claims, the Hearing Examiner appropriately declined to consider them in making the instant order of support.
Should the respondent obtain orders of filiation for either of the children he claims to support, such an order would constitute a change of circumstances permitting him, be he so advised, to file for a modification of his support obligation.

. Family Court Act § 413 and Domestic Relations Law § 240 are identically worded as they effect the issues sub judice.