TAYLOR v. THOMAS et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. BANKS AND BANKING—NATIONAL BANKS—FALSE REPORTS—LIABILITY OF DIRECTORS.

Under Rev. St. U. S. § 5239 [U. S. Comp. St. 1901, p. 3515], providing that if the directors of a national bank knowingly violate, or permit an officer of the bank to violate, a provision of the title relating to national banks, they shall be liable for damages sustained by any person in consequence of such violation, they having attested to be correct an official report of the bank's condition, which included, at their full face, as part of the bank's resources, assets which they had been informed by the Comptroller of the Currency were doubtful, and for the collection, or removal from the bank, of which immediate steps should be taken, they are liable to one who, on the strength of the report, bought stock of the bank, for the depreciation thereof by reason of the shrinkage in the value of the specific assets, but not for its depreciation from impairment, then unknown to the directors, of other assets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 949.]

2. APPEAL—HARMLESS ERROR—WRONG REASON FOR DECISION.

Where the complaint states all the facts necessary for the maintenance of the action under the national banking law against defendants for damages for knowingly certifying as directors of a national bank to a false official report of the bank's condition, and the findings support the complaint, it is no ground for reversal that the decision for plaintiff is placed on the ground of a common-law liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3408.]

Appeal from Trial Term, Saratoga County.

Action by William C. Taylor against Cassius B. Thomas and others. From a judgment for plaintiff (106 N. Y. Supp. 538), on a decision after trial before the court, a jury having been waived, defendants appeal. Reversed, and new trial granted, unless plaintiff consents to modification.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Nash Rockwood, for appellants.

Edgar T. Brackett, for respondent.

COCHRANE, J. The defendants are directors of the Citizens' National Bank, organized under the national bank law and doing business in the village of Saratoga Springs, N. Y. Prior to March 1, 1904, the Comptroller of the Currency informed the directors of the bank by letter that certain specified assets, amounting to $194,107.02, must be regarded as doubtful, and that immediate steps should be taken for their collection or removal from the bank. Of such letter

the defendants had knowledge. On April 8, 1904, pursuant to a call of the Comptroller, a report of the condition of the bank at the close of business on March 28, 1904, made in regular form, verified by the cashier of the bank and attested to be correct by each of the defendants, was published as required by law. In such report were included as a part of the resources of the bank the doubtful assets to which the attention of the defendants had been called by the Comptroller. The report also stated that the capital stock of the bank was $100,000, that there was a surplus of $50,000, and that there were undivided profits of $13,456.75. This published report was not seen by plaintiff, but its contents were communicated to him, and, relying on the same, he purchased in the early part of June, 1904, 30 shares of the stock of said bank for the sum of $4,800. On June 27, 1904, the bank received notice from the Comptroller that its capital had become totally impaired, and that the same must be supplied by assessment upon the stockholders. Immediately thereafter such assessment was ordered, and the plaintiff paid $3,000 on account of the stock he had recently purchased. Plaintiff has recovered damages amounting to $4,800 and interest on the ground of fraud on the part of the defendants in knowingly attesting and publishing a false report of the condition of the bank, in reliance whereon plaintiff was deceived as to the value of the stock of the bank, and purchased said 30 shares thereof to his injury.

In Yates v. Jones National Bank, 206 U. S. 158, 27 Sup. Ct. 638, 51 L. Ed. 1002, it was decided by the Supreme Court of the United States that the civil liability of national bank directors in respect to making and publishing official reports enjoined by statute is governed by such statute, which affords within itself the exclusive rule for the recovery of damages occasioned by such reports. The court said:

"General consideration as to the spirit and intent of the national bank act (Easton v. Iowa, 188 U. S. 220, 23 Sup. Ct. 288, 47 L. Ed. 452; Davis v. Elmira Savings Bank, 161 U. S. 275, 16 Sup. Ct. 502, 40 L. Ed. 700) also render necessary the conclusion that the measure of responsibility concerning the violation by directors of express commands of the national bank act is in the nature of things exclusively governed by the specific provisions on the subject contained in that act."

The report in question which is under criticism was not a voluntary statement of the defendants, but was exacted of them in the performance of their official duties by the mandate of the federal statute. That statute declares the duties of the directors in publishing such reports creates a liability for the violation of such duties, and establishes within itself the exclusive rule and standard for the enforcement of such liability. Section 5239 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3515] declares a civil liability against bank directors for the precise acts alleged in the complaint herein, and under the authority of the Yates Case a recovery may be had against the defendants at the instance of the plaintiff, but such recovery must rest exclusively upon the statute and not upon the principles of common law.

It is urged in objection to this judgment that the case was tried and determined in accordance with common-law principles. Although the action cannot be maintained at common law, it so happens that the

common-law requirements in this state to sustain an action for fraud are the same as the statutory requirements for the maintenance of this action. The complaint contains all the allegations necessary for the maintenance of the action under the national bank law. The findings of the court are sufficient to sustain the complaint. The evidence is sufficient to sustain such findings; and that a state court is a proper forum for the prosecution of the action seems to have been the opinion of the court in the Yates Case above cited, and admits of no doubt. The difficulty in that case was that there had been a recovery against the directors without proof of scienter, which proof the statute requires. Such proof has been supplied in this case. A right decision will not be reversed merely because a wrong reason has been assigned therefor. There is no claim or pretense by defendants that they have been prejudiced by the theory followed in the court below. The case both as to pleading and proof meets the statutory requirements. That the report was false and known to the defendants to be false they do not deny, nor do they attempt to explain their conduct. They did not intend to defraud any particular person, but they did intend to deceive the public, and to create a false impression as to the financial strength of the bank. Plaintiff, relying on their false statement, has been injured. Defendants are both legally and morally liable for the natural consequences of their wrongful act, and should respond for such damages as plaintiff has sustained because thereof.

But has the plaintiff been damaged to the full extent of the purchase price of the stock? The trial court has found that such stock was valueless, and has awarded damages equivalent to the purchase price. Such conclusion that the stock was valueless seems to be based on the fact that the Comptroller notified the bank that its capital was exhausted, and required an assessment for its full amount. Without expressing either assent or dissent concerning such proposition, it does not meet the present situation. It was stipulated at the trial and found by the court that of the assets criticised by the Comptroller in his warning letter to the bank, and amounting to $194,107.02, all was subsequently collected, except $97,000, so that there could not have been a total loss in the value of the stock attributable to those assets, and it is only in reference to those assets that any scienter on the part of the defendants has been proved. Assuming that the assessment made pursuant to the requirement of the Comptroller is evidence that the stock was worthless, it clearly is not evidence that such worthlessness was occasioned entirely by the depreciation in the assets particularly specified by the Comptroller and brought to the knowledge of these defendants. There were, it is true, no losses or depreciations subsequent to the time of the Comptroller's warning; but it does not follow that there was not a depreciation or impairment of other assets at that time, unknown both to the Comptroller and to the defendants. The question is, how much was plaintiff's stock depreciated in value by loss in the specified assets amounting to $194,107.02, which were the only assets concerning the doubtful character of which the defendants are shown to have been aware? The loss to the bank in those assets is established to have been $97,000. This loss, of course, would have the effect of eliminating the reported surplus and undivided prof-

its amounting to $63,456.75, and would deplete the capital of the bank to a little less than $66,500; but that would leave plaintiff's stock a value of nearly $2,000. If, for any cause, it was worth less than that, such cause has not been proved to have been known by defendants.

The judgment must therefore be reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event, unless plaintiff stipulates to deduct therefrom $2,000 and interest, in which case the judgment as so reduced should be affirmed, without costs. All concur.