Severnoe Securities Corporation, Plaintiff, *v.* Phœnix Assurance Company, Limited, Defendant.

Supreme Court, New York Special Term, December 19, 1924.

**Depositions — examination by defendant before trial of managing director of plaintiff's assignor, Russian corporation — defense that assignment is not valid — defense will depend on testimony of managing director of plaintiff's assignor — defendant is entitled to examination.**

The defendant in this action brought by the assignee of a Russian corporation is entitled to an examination before trial of the managing director of plaintiff's assignor, since it appears that the defense is that the assignment is invalid and that the defendant will be compelled, in order to sustain the defense, to rely upon the testimony of the manager of plaintiff's assignor, for the facts upon which defendant must stand are peculiarly within the knowledge of said manager.

Motion by defendant to examine before trial the managing director of plaintiff's assignor, a Russian corporation.

*Bonynge & Barker*, for the plaintiff.

*Barry, Wainwright, Thacher & Symmers*, for the defendant.

Proskauer, J.:

Plaintiff sues as assignee of a Russian corporation. The assignment bears a corporate acknowledgment. The defendant pleads that the charter of the Russian company renders invalid an assignment without a valuable consideration and that no consideration passed; that under the organic law the managing director who executed the assignment was without authority to execute the same unless authorized by resolution and that no such resolution was passed; and that the corporation was unauthorized to execute the assignment outside of Russia and that the paper was in fact signed here. Defendant seeks to examine Andre, the managing director, to support these defenses. Plaintiff argues that since it has the burden of proving a valid assignment, no examination can be granted. This case presents a highly special situation. Apparently the plaintiff's *prima facie* proof will be the acknowledged assignment. To meet this the defendant is practically compelled to elicit its testimony from the plaintiff's manager, the facts being peculiarly within his knowledge. This application, therefore, comes

within the exception to the general rule recognized in *Schweinburg v. Altman* (131 App. Div. 795), *Marine Trust Co. v. Nuway Devices, Inc.* (204 id. 752) and discussed in Carmody's New York Practice (pp. 360, 361).

The motion to examine is granted to the extent indicated.