CHARLES J. HERMES, Respondent, v. NEW YORK FIRE INSURANCE COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

MORRIS ISER, Respondent, v. HERBERT MARKS BUILDING CORP., INC., and Others, Defendants. ALVIN B. STEELE, Respondent; MEYER HURWITZ, Appellant. — Judgment, as resettled, modified to the extent that the amount of the lien of appellant's mortgage be $12,400 and interest instead of $2,160 and interest, and as so modified unanimously affirmed, with costs to appellant. The undisputed evidence shows that $12,400 were advanced upon the mortgage and that that sum, with interest, is due thereon. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ. Settle order on notice.

ELLA KALWITE, Appellant, v. NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA, Respondent.— Order setting aside verdict and judgment and granting new trial reversed upon the law, with costs, motion denied and verdict and judgment reinstated, with costs. The court was without jurisdiction to set aside the verdict and judgment for the reason that the motion was not made at the same term of the court at which the trial was had. (Civ. Prac. Act § 549; *Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 226 N. Y. 213; Carmody's N. Y. Practice, §§ 434–438.) Young, Hagarty, Seeger, Carswell and Scudder, JJ., concur.

MARTIN C. LAWRENCE, Respondent, v. THE NATIONAL CITY BANK OF NEW YORK, Appellant, and Another, Defendant.— Order denying motion of defendant The National City Bank of New York to examine plaintiff and his assignor reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The appealing defendant is entitled to the examination since the particulars sought to be inquired about are matters in confession and avoidance which come within the exception to the general rule that would otherwise control, because the plaintiff has the burden with respect to the validity of the assignment to him. It is entitled to establish, if it can, that plaintiff's assignor had no existence as a private corporation at the time of the alleged assignment by reason of what had transpired with respect to the corporate existence of plaintiff's assignor and its properties. (*Severnoe Securities Corp.* v. *Phœnix Assur. Co., Ltd.*, 124 Misc. 188; Carmody's N. Y. Practice, p. 360; Civ. Prac. Act, § 288.) Likewise it is entitled to show facts which may establish that the assignment was invalid under the law of Russia, which right permits it to go into the question of consideration, which would not have controlling effect under the laws of the State of New York, but which may have some effect under the law of Russia, when that law is established. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur. Settle order on notice; date of examination to be fixed therein.