CHARLES C. JACQUIN, Respondent, *v.* SYRACUSE AUTO RENTAL AND TAXICAB CORPORATION et al., Appellants.

(Argued October 19, 1933; decided November 21, 1933.)

*Philip T. Young* for appellants. The jury having been discharged, the trial court was without power or authority to make the order appealed from. (*Gilbert* v. *Finch*,

72 App. Div. 38; 173 N. Y. 455; *Caruso* v. *Metropolitan Store*, 214 App. Div. 328; *Matter of Continental Guaranty Corp.* v. *Craig*, 212 App. Div. 236; *Wilson & Bailie Mfg. Co.* v. *City of New York*, 122 App. Div. 621; *Flint Co.* v. *Malevinsky*, 137 N. Y. Supp. 858; *Gabler* v. *Goldman Co.*, 215 App. Div. 333; *Dougherty* v. *Salt*, 227 N. Y. 200; *Crowell Corp.* v. *Baugh & Sons Co.*, 237 App. Div. 68.) The plaintiff's remedy being by an appeal from the orders denying his motions for a directed verdict and for a new trial and from the judgment in favor of the defendants, the courts below were in error in granting and affirming the judgment in favor of the plaintiff. (*Loebel* v. *Loebel*, 237 App. Div. 591; *Maylayne Corp.* v. *Markantonis*, 237 App. Div. 601; *Clements* v. *Beale*, 53 App. Div. 416; *Shiffner* v. *Beck*, 159 App. Div. 821; *Gonzalec* v. *Schultz*, 131 Misc. Rep. 28; *Beach* v. *Beach*, 160 App. Div. 229; *Stierle* v. *Union Ry. Co.*, 11 Misc. Rep. 124; *Renouil* v. *Harris*, 4 N. Y. Super. Ct. 641; *Bishop* v. *Empire Transportation Co.*, 37 N. Y. Super. Ct. 17; *O'Brien* v. *Tilden*, 228 App. Div. 502; *Happel* v. *Lehigh Valley R. R. Co.*, 210 App. Div. 461; *People ex rel. Ross* v. *Dooling*, 132 App. Div. 50; *Kadelburg* v. *Hartford Accident & Indemnity Co.*, 223 App. Div. 169; 248 N. Y. 654.)

*Charles E. Spencer* for respondent. The judge who presided at the trial, sitting at the Trial Term or in Special Term for motions, had full power to direct judgment in accordance with the law applicable to the facts as found by the special verdict of the jury. (*Ketcham Nat. Bank* v. *Hagen*, 164 N. Y. 446; *Arcady Camps, Inc.*, v. *Berry*, 207 App. Div. 63; *Vanderbilt* v. *Schreyer*, 81 N. Y. 646; *Matter of City of Buffalo*, 78 N. Y. 362; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Flanson Realty Corp.* v. *Workers' Unity House, Inc.*, 229 App. Div. 179.)

HUBBS, J. This is an action to recover damages for loss of services sustained by plaintiff by reason of injuries to his infant son and for damage to his automobile

caused by the negligence of the defendants. At the time of the accident, the plaintiff's automobile was being operated by James Loughnot with his permission and consent and an automobile owned by the defendant taxicab corporation was being operated by the defendant Leonard with its permission and consent. The plaintiff was not present at the time of the accident but his infant son was riding in his automobile with Loughnot.

The trial court submitted special questions to the jury in writing. The jury, in answer to those questions, found that Loughnot, the driver of the plaintiff's automobile, was not free from negligence, that the defendant Leonard was negligent, and fixed plaintiff's damage at $200. The trial court directed a verdict for the defendants of no cause of action. The plaintiff moved to set aside the verdict as contrary to the evidence, contrary to the law and contrary to the finding of the jury. The motion was not reserved to be heard later, but was entertained by the trial court and denied. Thereafter, a judgment was entered in favor of the defendants.

Before the plaintiff's time to appeal had expired, he made a motion at a Special Term held by the same justice who presided at the Trial Term, to vacate the judgment and order judgment for the plaintiff for $200, the amount found by the jury to be the plaintiff's damage, with costs. The basis of the motion was that the trial justice had made an error of law in failing to follow the decision in the case of *Gochee* v. *Wagner* (257 N. Y. 344). The motion was granted, the first judgment was vacated and a new judgment entered in favor of the plaintiff upon the order of the Special Term. The Appellate Division affirmed the judgment and order and the case comes here by permission of this court.

The motion made at Special Term, to set aside the verdict and for a new trial because of an error of law, was upon a ground specified in section 549 of the Civil Practice Act. That section provides when a motion may

be made, to set aside a verdict and for a new trial, at the Trial Term upon the judge's minutes. The motion made upon the coming in of the verdict was made under the power given to the court by that section.

The court at Trial Term entertained and denied the motion. If the plaintiff desired to review that order he had a right to do so by appealing to the Appellate Division. He could not review it by moving before the same justice at a Special Term. The practice upon that question is so definitely settled by authority that discussion of the reasons upon which it is based would be useless. (*Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 226 N. Y. 213; *Herpe* v. *Herpe*, 225 N. Y. 323.)

Section 552 of the Civil Practice Act provides. that " In a case not specified in the last three sections, a motion for a new trial must be heard and decided, in the first instance, at the special term."

A motion to set aside a verdict for an error of law, made upon the judge's minutes, comes under section 549 and is, therefore, excluded from the cases where a motion for a new trial may be made at Special Term.

The second judgment of the Trial Term and the judgment entered upon the decision of the Appellate Division should be reversed, the motion denied and the first judgment reinstated with ten dollars costs of the motion and costs in the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgment accordingly.