MELLIS CONSTRUCTION CORP., Respondent, v. JOHN SCHAEFER and ROSE SCHAEFER, Appellants.— Action for breach of contract. Order of the City Court of Mount Vernon granting plaintiff's motion to set aside the verdict in its favor for fifty dollars and ordering a new trial unanimously affirmed, with costs. The motion was made at the same term within the meaning of section 549 of the Civil Practice Act. Rule IV of the City Court of Mount Vernon specifies the beginning of the jury trial terms, but does not specify the concluding date. A fair interpre-tation, therefore, is that a trial term does not conclude until the beginning of the succeeding term unless it be in the meantime adjourned without date. The trial term during which this trial was had began, under the rule, on the second Monday of September, and that term, therefore, in the absence of proof of an adjournment, continued until the beginning of the next succeeding term, which is stated in the rule to be one which begins on the second Monday in November. Here the trial was had on September twenty-second and the motion to set aside brought on on October 26, 1937, under an order to show cause dated October 22, 1937. It was, therefore, timely. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

NEW YORK RAPID TRANSIT CORPORATION, Appellant, v. THE CITY OF NEW YORK, FRANK J. TAYLOR, Comptroller of the City of New York, MILTON SOLOMON, Deputy Comptroller of the City of New York, and WILLIAM REID, Collector of the City of New York, Respondents.— In an action for a declaratory judgment to determine the legality of certain penalties imposed on plaintiff for failure to make return and pay the taxes due from it under the provisions of local laws of the city of New York, and to restrain defendant Reid, as collector, from filing a warrant to collect such tax, and all of the defendants from enforcing the collection of any further taxes or penalties for a certain specified period, order and judgment dis-missing the complaint on the ground that it fails to state facts sufficient to con-stitute a cause of action unanimously affirmed, with ten dollars costs and disburse-ments. No opinion. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ. [See Brooklyn & Queens Transit Corp. v. City of New York, ante, p. 916.]

ROSE O'LEARY, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION and THOMAS DILLON, Appellants.— In an action for damages for personal injuries, in which plaintiff recovered a verdict of $15,000, judgment reversed on the facts, and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce the amount of the verdict to $10,000; in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict was excessive. Lazansky, P. J., Cars-well, Davis, Adel and Taylor, JJ., concur.

ELIZABETH PHINN, an Infant, by JOHN A. PHINN, Her Guardian ad Litem, and JOHN A. PHINN, Appellants, v. R. H. MACY & Co., INC., Respondent.— Order granting in part defendant's motion to modify a notice of examination before trial modified by permitting an examination of defendant as to item " 3 " of the notice also, and as so modified affirmed, in so far as an appeal is taken, without costs. The examination may proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ., concur.