BEATRICE L. GOODRICH, Respondent, *v.* ROSS-KETCHUM Co., INC., Appellant.

SEWARD CLEMENTS, Respondent, *v.* ROSS-KETCHUM Co., INC., Appellant.

Third Department, July 7, 1948.

*Brackett, Eddy & Dorsey* for appellant.

*Leary, Fullerton & Neddo* for respondents.

DEYO, J. These were companion cases arising out of an automobile accident, and were tried together at a Trial Term of the Supreme Court held in and for the County of Saratoga on January 6, 1948. On the return of the sealed verdicts January 7, 1948, the court denied plaintiffs' motions to set them aside as inadequate. Subsequently, the jury panel was discharged and the term adjourned to Supreme Court Chambers in the city of Schenectady. Thereafter the trial judge, in a memorandum, stated that he had reconsidered the motions and had decided to set the verdicts aside as inadequate, and to grant new trials. Orders to that effect were thereupon entered. Section 549 of the Civil Practice Act authorizes a trial judge, in his discretion, to entertain a motion made upon his minutes to set aside the verdict of the jury as inadequate. Such motion,

however, must be made at the same term at which the trial was had. (*Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 226 N. Y. 213; *Kalwite* v. *National Liberty Ins. Co.*, 225 App. Div. 898.) In the instant case, although the term had been adjourned to chambers, it was still existent. (Judiciary Law, §§ 6, 147.) Even in the absence of statutory authority, a court has inherent power to adjourn its proceedings from day to day, so long as necessary for the disposal of the business before it (*Matter of McDonald* v. *Colden*, 294 N. Y. 172, 178), and may be continued until the beginning of the succeeding term. (*Mellis Construction Corp.* v. *Schaefer*, 253 App. Div. 923.) A trial judge, even though he once denies a motion to set aside a verdict, may entertain a reargument thereof at the same term and grant the motion. (*Peterson* v. *Fordham Cornice Works, Inc.*, 252 N. Y. 596.) This authority continues so long as the term lasts, or at least until an order is signed and entered finally disposing of the matter. (*Hanbury* v. *Metropolitan Securities Co.*, 215 App. Div. 225, appeal dismissed 253 N. Y. 527; *Hayes* v. *City of New York*, 41 N. Y. S. 2d 871, revd. on other grounds, 267 App. Div. 535; *Matthews* v. *Herdtfelder*, 60 Hun 521.)

The novel question herein presented is whether the trial judge, having concluded that he was mistaken in his original ruling, may in the absence of any motion for reargument, reverse his decision and grant the motion for a new trial. The ends of justice will best be served if the question is answered in the affirmative. The term of the court had not expired. A motion for reargument could have been entertained. No formal order had ever been signed or entered. The ruling was made at the conclusion of the trial with no opportunity presented for thought or reflection. Surely a judge should be given every reasonable opportunity to correct his own errors. This department held many years ago that a trial judge might, on his own motion, set aside a verdict and grant a new trial. (*Schmidt* v. *Brown*, 80 Hun 183.) This case has apparently never been overruled or questioned, and it would logically follow that if the judge may act on his own volition in the first instance, he may similarly correct what he deems to be an error previously made. We conclude, therefore, that the trial judge had jurisdiction and authority to reconsider his denial of the plaintiffs' motions and grant the same. The record fails to disclose any abuse of discretion on the part of the trial judge in setting the verdicts aside. It may well be that he was in error as to just what the jury had considered in reaching their verdicts, but as this court

pointed out in *Taylor* v. *Thomas* (124 App. Div. 53, 56) " A right decision will not be reversed merely because a wrong reason has been assigned therefor."

The orders appealed from should be affirmed, with one bill of costs against the defendant.

HILL, P. J., HEFFERNAN, BREWSTER and RUSSELL, JJ., concur.

Orders setting aside the verdicts affirmed, with one bill of costs against the defendant-appellant.