O'CONNOR-SULLIVAN, INC., Plaintiff, *v.* EARL OTTO, Defendant.

County Court, Albany County, February 17, 1955.

*Meyer A. Jeneroff* and *Bernard Ellenbogen* for plaintiff.

*Milton B. Knox* and *David S. Williams* for defendant.

SCHENCK, J.  This is an action for real estate broker's commissions with a counterclaim for the return of a down payment which the broker held on account of its claimed commission. This court denied plaintiff's motion for summary judgment, holding that the pleadings raised issues which should be tried.

The Appellate Division, Third Department, affirmed the decision of this court and in an opinion expressed views as to the issues that should be determined by the jury. This court took cognizance of the opinion of the Appellate Division in the conduct of the trial and especially in the charge to the jury, submitting all questions discussed by the appellate court.

At the conclusion of the testimony at the trial the plaintiff moved for a directed verdict. The court denied the motion and submitted the case to the jury. The jury's verdict was for the defendant. The right to make motions was reserved until the opening of court the following day. At that time, counsel for the plaintiff moved to set aside the verdict on all the grounds specified in section 549 of the Civil Practice Act. The court denied that motion. Thereafter, the plaintiff moved this court at Special Term for an order setting aside the verdict of the jury and for judgment in accordance with plaintiff's motion during the trial for a directed verdict. The moving papers do not specify but the plaintiff appears to treat the motion at Special Term as being under section 457-a of the Civil Practice Act.

I am inclined to agree with the argument advanced by the plaintiff that the court in the interest of justice should correct any error that may have been committed in the course of a trial or proceedings relative thereto. The court's right to continue to exercise jurisdiction of the case, however, must first be considered. If the proceedings have been terminated so that the court no longer has jurisdiction he obviously is without authority to take any action in connection with the case. It is simply no longer before him and errors, if any, can be corrected only upon appeal.

The most recent case upon the point that has been called to my attention is *Appelt* v. *Timpone* (195 Misc. 68). The court there squarely held that if a motion has been made and ruled upon, under section 549 following a verdict by the jury, that motion may not be renewed at Special Term. The court then went on to hold that if the motion in question was also under subdivision 3 of section 457-a, it was an unauthorized renewal of the same motion denied at the trial. It thus became immaterial whether the motion at Special Term was technically presented under section 549 or section 457-a. Under the authority of the *Appelt* case (*supra*), the plaintiff's only recourse here is to appeal.

The views of the Court of Appeals, upon the most nearly analogous problem that seems to have been presented to that

court, are found in *Jacquin* v. *Syracuse Auto Rental & Taxicab Corp.* (263 N. Y. 53, 56). The court there held it to be " definitely settled by authority " that after the trial court had entertained and denied a motion under section 549, it could not again be brought before the same Justice at Special Term. That case apparently dealt only with section 549 and did not specifically involve a motion under section 457-a. However, I fail to see any material distinction between the legal effect of a motion under one of these sections and a similar motion under the other. The reasoning in the *Jacquin* case (*supra*), is followed in the *Appelt* opinion.

The plaintiff cites *Goodrich* v. *Ross-Ketchum Co.* (274 App. Div. 157). I fail to find that this is an authority for any different conclusion than that already stated herein. In the *Goodrich* case (*supra*), the court of his own motion subsequently set aside a jury's verdict as inadequate and granted a new trial although he had denied such motion following entry of the verdict. There the court deemed that an error had been made by him. In the interest of justice, he took action to correct that error. In the case at hand I have ruled upon the identical motion to that which is now being urged. I do not deem that an error has been committed. The problem now presented, therefore, as distinguished from that in the *Goodrich* case, is whether the plaintiff should be entitled to renew the argument raised by him and passed upon by the court in the course of the trial and again at the conclusion thereof, in an attempt to show that an error has been committed.

There must be an end to litigation before a court at some point. If the plaintiff's arguments prevailed here and an order setting aside the verdict were granted, there could be no logical objection to the defendant then moving at the next Special Term for a reargument, contending that the court was in error in reversing its prior decision. This could go on *ad infinitum.* Such manifest absurdity is sufficient reason for denying the motion herein.

I am equally unimpressed with attempts to distinguish the technical form of the motion under section 457-a from the prior motion under section 549 of the Civil Practice Act. A legal basis for distinction in connection with the point raised here does not exist as was inferred in the *Appelt* case (195 Misc. 68, *supra*). The motion of the plaintiff herein is, therefore, in all respects denied as a matter of law. Plaintiff's recourse is to appeal.

The defendant has moved for an additional allowance of costs on the ground that this case falls in the " difficult and extraor-

dinary '' category covered by section 1513 of the Civil Practice Act. I indicated at Special Term that I would have been inclined to deny such motion if nothing further transpired following the trial of the action and subsequent motions made relative thereto. Upon the basis of the additional proceedings which are decided herein, however, I will entertain further argument by the defendant and would suggest that counsel be prepared to argue the point of additional cost allowances or submit at the next Special Term of this court.

An order denying plaintiff's motion may accordingly be entered. Costs on this motion to be determined in connection with defendant's motion under section 1513.