Samuel W. Eager, J.
Application is made by plaintiff, John A. O’Connell, infant, for a reargument of his motion to set aside the verdict of $3,000 in his favor against the defendants. Immediately following the coming in of the verdict, a motion was made upon the minutes to set aside the verdict and it was denied. The court took the position then that it believed that the verdict was supported by the evidence and that, therefore, it had no power to interfere with the findings of the jury. No formal order has been entered upon such denial of the motion to set aside the verdict.
The plaintiff, before the ending of the Trial Term, asks reconsideration of the matter, claiming that the court in summarily disposing of the motion at the close of the trial failed to give due consideration to (a) the claim of error in the undue curtailing of the use by plaintiff’s counsel of medical books and treatises in his cross-examination of defendants ’ medical expert; and (b) to the claim that the verdict is grossly inadequate. This court, of course, upon timely application, has a right to entertain a reargument of the motion to set aside the verdict and may, on reargüment, reconsider the matter upon the merits. (Peterson v. Fordham Cornice Works, 252 N. Y. 596; Goodrich v. Ross-Ketchum Co., 274 App. Div. 157.) Under all the circumstances the court allows reargument and now reconsiders the motion on the merits.
It is clear that statements in scientific hooks and treatises are not to be received as evidence of the facts or opinions therein appearing, and a reading from such books or treatises in connection with the cross-examination of an alleged medical expert may he justified only as a means of testing his knowledge and qualifications and of probing into his credibility. Therefore, it is clear that a trial court has the right and duty to control in a reasonable manner the reading of statements from such books or treatises on cross-examination. However, an examination of the record here in the light of the opinion in People v. Feldman (299 N. Y. 153) has led the court to the conclusion that it may have unduly restricted trial counsel in Ms cross-examination of Dr. Gang, or that, in any event, such counsel was misled *298 by the remarks of the court. It is unnecessary, however, to consider whether or not the record here does present such error in this regard as to require the setting aside of the verdict because I have reached the conclusion that, in any event, the verdict is grossly inadequate.
The verdict may not be sustained on the theory that the jury found that the infant sustained merely bruises, abrasions and lacerations in and about the head of a minor nature. If the jury had so found, its verdict would have been in the neighborhood of $250 which was the amount of its verdict for the infant Bussell in the companion case. On the record here, there is implicit in the verdict a finding by the jury that the infant did sustain a cerebral concussion resulting in epileptic seizures with result that constant and unremitted use of Pilantin is required. Such a finding is in accordance with the weight of the evidence, and there is uncontradicted evidence of extensive medical care and treatment to date.
The jury here undoubtedly rendered a compromise verdict without regard to the weight of the evidence as to the severe results of the cerebral concussion. Under the circumstances here, the verdict on the John A. O’Connell cause is set aside and a new trial directed unless the defendants within 30 days from date of service of order hereon with notice of entry file a stipulation in the County Clerk’s office for the increase of the verdict to $15,000, in which event the judgment shall be entered accordingly.
Settle order on notice.